STATE OF MINNESOTA

IN SUPREME COURT

A14-0670

Court of Appeals                                                    Anderson, J.
                                          Dissenting, Wright and Lillehaug, JJ.

State of Minnesota,

            Respondent,

vs.                                                        Filed:  February 17, 2016
                                                          Office of Appellate Courts

Joshua Lee Myhre,

            Appellant.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Samuel D. Jandt, Houston County Attorney, Caledonia, Minnesota; and

Jed Hammel, Caldonia, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant
State Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

        Appellant is not entitled to a new trial based on the district court's failure to fully

comply with the provisions of Minnesota Rule of Criminal Procedure 26.01,

subdivision 4.

        Affirmed.

1

ANDERSON, Justice.

On September 29, 2012, Deputy Bill Hargrove of the Houston County Sheriff's Office pulled over a vehicle after he observed the vehicle traveling the wrong way on a divided highway. Deputy Hargrove identified the driver of the vehicle as Appellant Joshua Lee Myhre. During the ensuing traffic stop, Myhre failed two sobriety tests. Myhre also provided a "very weak" breath sample and later refused to provide a second sample. Myhre's refusal to provide a second breath sample violated Minn. Stat. § 169A.20, subd. 2 (2014). Because Myhre had at least three prior alcohol-related driving incidents, he was charged with first-degree refusal to submit to testing and first-degree driving under the influence. *See* Minn. Stat. § 169A.20, subds. 1-3 (2014).

After an unsuccessful motion to dismiss the criminal complaint for lack of probable cause, Myhre challenged the constitutionality of the implied-consent statute. The district court heard argument on the constitutionality of the implied-consent statute during a contested omnibus hearing and ultimately concluded that the statute was constitutional. Myhre subsequently entered into an agreement with the prosecution in order to resolve his case without a jury trial. Under that agreement, the prosecution dismissed the charge for driving under the influence.

Three days later, Myhre signed a plea petition, stating that he was waiving his right to a jury trial and pleading guilty to the refusal-to-test charge. The plea petition also stated that Myhre's attorney told Myhre—and Myhre understood—that he would "have the right to appeal, but that any appeal or other court action [Myhre might] take claiming

2

error in the proceedings probably would be useless and a waste of [his] time and the court's." The district court held a plea hearing to receive Myhre's plea and resolve the case. During that hearing, the district court examined Myhre on the record and obtained a clear and complete waiver of his right to a jury trial. The district court then asked Myhre, "[T]o the charge . . . of first degree refusal by way of a *Lothenbach* plea occurring on September 29th, 2012, how do you plead?" Myhre responded, "Guilty." The parties also submitted a document to the district court entitled "Joint Stipulated Facts." The stipulated facts are identical to the factual narrative portion of the "Statement of Probable Cause" filed by Deputy Hargrove. After examining Myhre and considering the information contained in the stipulated facts, the district court adjudicated Myhre guilty of first-degree refusal to test.

To a casual observer, Myhre's agreement with the prosecution might appear to be an ordinary plea agreement. But the record indicates that the agreement was actually more complex. Despite the entry of a guilty plea, it appears that Myhre, along with the State, intended to proceed under Minn. R. Crim. P. 26.01, subd. 4. This rule allows a criminal defendant to plead not guilty; waive all trial-related rights, including his or her right to a jury trial; stipulate to the state's evidence in a trial to the court; and then appeal a dispositive, pretrial ruling. Although Myhre entered a guilty plea rather than a not-guilty plea, the record is replete with references to a so-called *Lothenbach* plea. In 2007, Minn. R. Crim. 26.01, subd. 4, replaced *Lothenbach* as the method for preserving a dispositive pretrial issue for appellate review in a criminal case. *See State v. Diede*, 795 N.W.2d 836, 842 n.2 (Minn. 2011).

3

A handwritten portion of the plea agreement indicates that the plea was to be a "*Lothenbach* plea." Myhre's attorney referenced *Lothenbach* multiple times when explaining the plea agreement to the district court, stating that the plea would be entered according to the "*Lothenbach* method." Further, Myhre's attorney explicitly stated that the plea was entered so that Myhre could appeal the district court's pretrial ruling on the constitutionality of the implied-consent law, an appeal Myhre could not have taken if he had truly entered a plea of guilty. *See generally State v. Lothenbach*, 296 N.W.2d 854, 857-58 (Minn. 1980) (noting that Minnesota does not recognize conditional guilty pleas).

The district court specifically asked Myhre if he was going "forward with a *Lothenbach* plea," to which Myhre responded, "Yes." The district court clarified again that Myhre was pleading "by way of a *Lothenbach* plea" before Myhre stated that he was pleading guilty. Myhre's attorney once again asked Myhre, this time under oath, whether he was entering a *Lothenbach* plea. Myhre responded, "Yes." Myhre's attorney also asked whether, after the plea was entered, Myhre intended to "appeal the Court's finding of guilt." Myhre indicated that was his intent.

After Myhre testified under oath, the district court took a short recess during which it considered the stipulated facts the parties had submitted. After returning from the recess, the district court made findings of fact that were consistent with the relevant stipulated facts. The district court found Myhre guilty of "failure to submit to testing in the first degree," citing the current case and Myhre's three prior alcohol-related convictions. Later, during the sentencing hearing, Myhre's attorney and the district court acknowledged that Myhre was pursuing an appeal of the pretrial ruling and Myhre's

4

attorney made yet another reference to the "*Lothenbach* plea."

Before the court of appeals, Myhre not only argued that the implied-consent law was unconstitutional—which was the gravamen of the pretrial ruling he sought to challenge when he entered his plea—he also argued that his conviction was invalid because the procedure followed in the district court did not comply with Minn. R. Crim. P. 26.01, subd. 4. He further alleged that the district court did not make sufficient factual findings regarding his three prior offenses. The court of appeals concluded that Myhre's plea did not comply with Minn. R. Crim. P. 26.01, subd. 4, because Myhre entered a guilty plea rather than a not-guilty plea and because Myhre and the prosecutor failed to acknowledge on the record that the pretrial issue would be dispositive. *State v. Myhre*, No. A14-0670, 2015 WL 853465, at *3 (Minn. App. Mar. 2, 2015); *see* Minn. R. Crim. P. 26.01, subd. 4(c). But the court of appeals decided to treat Myhre's guilty plea as if it were a not-guilty plea that complied with Rule 26.01, subdivision 4, and affirmed Myhre's conviction.[1] *Myhre*, 2015 WL 853465, at *3-4. We granted review exclusively on the issue of whether Myhre's conviction was invalidated by the district court's failure to fully comply with the provisions of Rule 26.01, subdivision 4.

---

[1]    Because the court of appeals treated Myhre's plea as valid under Rule 26.01, subdivision 4, it reached the question of whether the implied-consent law is unconstitutional. *Myhre*, 2015 WL 853465, at *4. The court of appeals affirmed the district court and upheld the constitutionality of the implied-consent law. *Id.* Additionally, the court of appeals declined to reach Myhre's argument that the state failed to prove his three prior convictions because Rule 26.01, subdivision 4, allows a defendant to appeal only dispositive pretrial issues. *Id.* at *4 n.5.

# I.

Rules of criminal procedure are enacted under the court's "authority to ensure the effective functioning of the judiciary." *State v. Cheng*, 623 N.W.2d 252, 257 (Minn. 2001). The interpretation of a rule of criminal procedure presents a question of law that we review de novo. *Dereje v. State*, 837 N.W.2d 714, 720 (Minn. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1772 (2014); *State v. Hugger*, 640 N.W.2d 619, 621 (Minn. 2002).

Neither party suggests a complete analytical framework through which we should address Myhre's claims, nor does our precedent clearly provide one. Although Myhre does not explicitly propose a rule, he suggests that Rule 26.01, subdivision 4, requires something akin to strict compliance with each of its provisions in order to produce a valid conviction. The State, on the other hand, suggests that noncompliance with Rule 26.01, subdivision 4, should be a basis for vacating a conviction only when the departure from the rule impacts the defendant's "fundamental rights" or if the district court failed to substantially comply with the rule.

Myhre cites no precedent to support a rule of strict compliance, and we are not aware of any cases in which we have required strict compliance with either Rule 26.01, subdivision 4, or *Lothenbach* in order to produce a valid conviction. On the contrary, we have allowed multiple convictions to stand and appeals to continue despite reliance on flawed attempts to comply with either Rule 26.01, subdivision 4, or the *Lothenbach* procedure.

In *State v. Ford*, 397 N.W.2d 875 (Minn. 1986), we addressed the merits of the appeal even though the defendant had pleaded guilty, rather than not guilty, while attempting to comply with the *Lothenbach* procedure. *Id*. at 878. We reasoned that, "[a]lthough [the *Lothenbach*] procedure was not followed in this case, the circumstances are similar to those in *Lothenbach.* We will do here as we did in *Lothenbach* and treat this as an appeal from a finding of guilty based on stipulated facts . . . ." *Id*. We took a similar approach in *State v. Verschelde*, 595 N.W.2d 192 (Minn. 1999). Even though there was "some confusion" regarding whether the defendant entered a guilty plea or a not-guilty plea, we placed substance above form and allowed the appeal to proceed as if the defendant's plea had fully complied with the *Lothenbach* procedure. *Id*. at 193-95. Finally, in *State v. Diede*, 795 N.W.2d 836 (Minn. 2011), the parties submitted the case to the district court on "stipulated facts," rather than stipulating to the State's evidence, but the district court proceeded as if a "*Lothenbach* plea" had been entered—an error almost identical to one of the errors Myhre claims here. *Id*. at 842 n.2. In allowing the appeal to proceed,[2] we reasoned that the procedure employed by the district court "most closely resemble[d]" a trial under Rule 26.01, subdivision 4. *Id*.

These cases clearly demonstrate that we have never required strict compliance with the provisions of either Rule 26.01, subdivision 4, or *Lothenbach*. Indeed, we have

---

[2]    It does not appear that the parties in *Diede* argued that the plea was invalid. But if, as Myhre suggests, a procedure that does not comply with Rule 26.01, subdivision 4, cannot produce a valid conviction, it would have been inappropriate to allow the appeal to proceed, particularly given the clear departure from the requirements of the rule and the fact that we recognized and addressed the procedural irregularities in our opinion.

7

tolerated a substantial amount of procedural error when the record shows that the parties clearly intended to achieve the outcome contemplated by either Rule 26.01, subdivision 4, or *Lothenbach*.[3] But we have never articulated a rule or framework that governs whether a proceeding under Rule 26.01, subdivision 4, produces a valid conviction when the proceeding does not fully comply with the provisions of the rule.

For the reasons set forth below, we conclude that a plain error analysis is the proper framework in this case. While Myhre nominally entered a plea of guilty, the procedure with which the parties were attempting to comply is a "trial to the court." *See* Minn. R. Crim. P. 26.01, subd. 4(e) ("The defendant must stipulate to the prosecution's evidence in a trial to the court . . . ."). Myhre did not object to any errors in the district court and actually participated in, or even instigated, several of the alleged errors he now challenges on appeal. Ordinarily, we do not consider errors that were not objected to in the district court. *See State v. Osborne*, 715 N.W.2d 436, 441 (Minn. 2006). Similarly, we do not typically review errors that were invited by the defendant or that the defendant could have prevented in the district court. *See State v. Goelz*, 743 N.W.2d 249, 258 (Minn. 2007).

---

[3]   In *Diede*, for instance, the parties actually "described the process as a trial on stipulated facts." 295 N.W.2d at 842 n.2; *see* Minn. R. Crim. P. 26.01, subd. 3. The district court "described the process as a *Lothenbach* plea hearing." *Diede*, 295 N.W.2d at 842 n.2. The process in *Diede* most closely resembled a trial under Rule 26.01, subdivision 4, and this court proceeded as if the parties had complied with Rule 26.01, subdivision 4. *Id*.

8

Despite these general rules, we will review an unobjected-to error, even if the error was invited by the defendant under the plain error test.[4] *See State v. Baird*, 654 N.W.2d 105, 113 (Minn. 2002); *Goelz*, 743 N.W.2d at 258. As a result, we will treat any errors committed by the district court or the parties as errors made during the course of a trial and apply the plain error framework. *See generally* Minn. R. Crim. P. 31.02 (providing for plain error review); *State v. Dalbec*, 800 N.W.2d 624, 627 (Minn. 2011) (evaluating whether an error committed in the course of a bench trial constituted structural error and instead treating the error as a trial error). In order to meet the plain error standard, a criminal defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If the first three prongs are satisfied, we must consider a fourth factor, "whether [we] should address the error to ensure fairness and the integrity of the judicial proceedings." *Id.*

In addition to conforming to our precedent and rules regarding how to review unobjected-to errors, plain error analysis is consistent with the manner in which we have evaluated analogous cases in the past. For instance, although *Verschelde* and *Ford* did not explicitly adopt a plain error analysis, both cases appear to approach the errors committed in the district court by determining whether the errors were prejudicial. This approach is particularly clear in *Verschelde*, where the focus was on the procedure that

---

[4] None of the errors Myhre alleges appears to fall into the narrow category of structural errors that "defy analysis by 'harmless-error' standards." *State v. Dalbec*, 800 N.W.2d 624, 627 (Minn. 2011) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991)).

the district court actually followed and we determined that the defendant had actually received a *Lothenbach* trial. 595 N.W.2d at 195. Indeed, both *Verschelde* and *Ford* reviewed the events in the district court to determine whether the respective defendants had been prejudiced and focused the analysis on the intent of the parties and the fact that all sides received what they had bargained for. *See Verschelde*, 595 N.W.2d at 195 (allowing the appeal to proceed because "[e]qually clear on the record before us is the appellant's expectation that he was preserving his right to appeal the trial court's pretrial ruling, and the state's understanding that an appeal would follow"); *Ford*, 397 N.W.2d at 878 (noting that the defendant intended to appeal a pretrial order and deciding to treat the appeal as if it had complied with *Lothenbach*).

A plain error analysis is also consistent with our more recent decision in *Dereje v. State*, 837 N.W.2d 714 (Minn. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1772 (2014), relied upon by the court of appeals here. *See Myhre*, 2015 WL 853465, at *3-4. *Dereje* involved a stipulated facts trial during which the parties submitted evidence to the district court that included contested facts instead of agreeing on a set of stipulated facts, as required by Minn. R. Crim. P. 26.01, subd. 3. *Dereje*, 837 N.W.2d at 719. We held that Dereje did not receive a stipulated facts trial because the parties submitted contested evidence and the district court made extensive findings of fact, rather than applying the law to stipulated facts. *Id.* at 720-21. But we concluded that Dereje had received a valid bench trial under Minn. R. Crim. P. 26.01, subd. 2, and affirmed his conviction. *Dereje*, 837 N.W.2d at 721.

Although we did not explicitly adopt a plain error analysis in *Dereje*, our analysis and conclusion are consistent with a plain error framework. Because Dereje did not object to the error in the district court and, much like this case, substantially participated in the error, *id*. at 719, his claim was subject to plain error review. We found that there was an error and it is apparent that the error in *Dereje* was "plain." *See State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006) (holding that usually an error is plain when it "contravenes case law, a rule, or a standard of conduct"). But Dereje's claim failed because he could not show prejudice. As we explained, Dereje received a valid bench trial under Minn. R. Crim. P. 26.01, subd. 2. Consequently, Dereje was unable to show that the errors in the trial court affected his substantial rights. Thus, the plain error framework is both consistent with our holding in *Dereje* and helps explain the pivotal importance of the fact that Dereje received a valid bench trial under Rule 26.01, subdivision 2.

Because applying a plain error analysis to this case is consistent with both the rules of criminal procedure and our precedent, we hold that plain error analysis applies to unobjected-to errors committed under Rule 26.01, subdivision 4. Myhre did not object in the district court to the errors he now raises on appeal. As a result, we will review Myhre's claims for plain error.

II.

Myhre asserts that five errors render his conviction invalid. First, Myhre claims that an error was committed when he entered a guilty plea, rather than a not-guilty plea. Second, Myhre and the prosecutor failed to acknowledge on the record that the pretrial

11

issue Myhre intended to appeal was dispositive. Third, Myhre did not acknowledge that appellate review would be limited to the pretrial issue. Fourth, the parties submitted stipulated facts, rather than stipulated evidence, to the district court. Finally, Myhre claims that the district court did not consider evidence as a trier of fact, but instead used the stipulated facts to support Myhre's guilty plea. Because Myhre did not object to any of these alleged errors in the district court, each is subject to a plain error analysis. *See Baird*, 654 N.W.2d at 113.

## A.

As an initial matter, we must address which of the alleged errors to review on appeal. Myhre not only failed to object to these errors in the district court, he also failed to raise all but two of them before the court of appeals. The only two errors Myhre alleged in his brief to the court of appeals were that he pleaded guilty instead of not guilty and that both parties failed to acknowledge the dispositive nature of the pretrial issue on the record before the district court. Myhre's petition for review also relies exclusively on the fact that he pleaded guilty instead of not guilty and failed to acknowledge the dispositive nature of the pretrial issue on the record. Finally, although Myhre's brief to this court does assert that the district court committed the three additional errors he now raises, it provides no analysis or argument regarding these three errors.

Issues not raised in the court of appeals are usually forfeited here. *State v. Campbell*, 814 N.W.2d 1, 4 n.4 (Minn. 2012) (declining to reach an issue that was not raised in the district court or before the court of appeals). "Generally, we do not address issues that were not raised in a petition for review." *In re GlaxoSmithKline PLC*, 699

12

N.W.2d 749, 757 (Minn. 2005). We have also declined to address issues that were raised in a brief to our court, but were not adequately argued or explained. *State v. Bernard*, 859 N.W.2d 762, 765 n.2 (Minn.), *cert. granted on other grounds*, ___ U.S. ___, 136 S. Ct. 615 (2015). Finally, we have declined to consider issues that were not raised in the petition for review and not fully developed in the appellant's brief when we thought it was possible that appellant's failure to raise the issue in the petition for review and failure to argue it thoroughly may have inhibited the respondent's ability to argue the issue to our court. *In re GlaxoSmithKline PLC*, 699 N.W.2d at 757.

All of these shortcomings are present in this case. Myhre failed to object to the three additional errors in the district court, failed to raise them before the court of appeals, and failed to address them in his petition for review. Myhre's brief to this court mentions these three issues in passing, but provides no substantial argument or analysis.[5] Finally, the State did not address the three alleged errors in its brief and we cannot rule

---

[5]    The dissent argues that Myhre's brief adequately addressed the error that was allegedly committed when Myhre failed to acknowledge that his right to appeal would be limited to the pretrial issue. The dissent quotes Myhre's briefing on the issue and claims that his brief supports his claim for relief. What the dissent fails to mention is that the portion of Myhre's brief it quotes is the *entirety* of Myhre's argument on the issue. It spans two sentences and contains a total of 48 words. While the brief identifies the provision of the rules Myhre claims was violated and asserts that Myhre did not make the required acknowledgement, the brief provides no further argument or analysis. Most importantly, the brief never articulates why that single error should entitle Myhre to relief. The dissent does not just do the heavy lifting for Myhre on this issue, it does substantially *all* of the lifting. In the end, Myhre's "argument" regarding the third alleged error is nothing more than a bare assertion and does not properly present the issue to this court. *See Bernard*, 859 N.W.2d at 765 n.2 (rejecting as inadequately briefed a claim that a statute should have been found facially unconstitutional when the litigant provided no further analysis or argument).

out the possibility that Myhre's repeated failure to raise and properly articulate these issues contributed to the State's lack of argument.

When, as in this case, a defendant fails to preserve issues for review at every level of the judicial process and provides no excuse for his failure, those issues are forfeited and we will not consider them.[6] Consequently, issues regarding whether Myhre acknowledged that his appeal would be limited to the pretrial issues, the parties' submission of stipulated facts instead of stipulated evidence, and whether the district court made findings of fact are all forfeited and will not be considered further.

B.

Myhre argued two errors to the court of appeals and raised those same two errors in his petition for review. First, Myhre alleges that the district court erred because he entered a plea of guilty rather than entering a not-guilty plea as required by Rule 26.01, subdivision 4. Second, Myhre argues the district court erred because the parties failed to acknowledge on the record that the pretrial issue being appealed would be dispositive. We address each of Myhre's arguments under the plain error framework.

Myhre asserts that the district court committed an error by allowing him to plead guilty rather than not guilty. Myhre is correct in concluding that the district court

---

[6] The dissent urges us to reach the merits of Myhre's third asserted error "in the interests of justice." Considering the totality of the circumstances in this case—particularly Myhre's repeated and unexcused failure to raise this issue, despite numerous opportunities—we decline to do so.

14

committed an error by failing to follow the plain language of Rule 26.01, subdivision 4.[7] *See Ramey*, 721 N.W.2d at 302. Additionally, because the text of Rule 26.01, subdivision 4, clearly requires a not-guilty plea, the district court's error was plain. *See id.* (stating that "[u]sually [an error is plain] if it contravenes case law, a rule, or a standard of conduct").

But, even though the district court committed a plain error, Myhre must show that the error impacted his substantial rights in order to satisfy the third prong of the plain error test. *See Griller*, 583 N.W.2d at 740. To that end, Myhre claims that his guilty plea caused him to receive "no trial at all" when he was entitled to a trial to the court based on stipulated evidence. The record does not support Myhre's position.

The district court repeatedly emphasized that it would be "consider[ing] the stipulated facts in determining [Myhre's] guilt or innocence." The court asked Myhre whether he was "willing to allow the matter to be submitted to the Court on the stipulated findings of fact knowing that [the court] may very well [find Myhre guilty]." After ensuring that Myhre was knowingly and intelligently waiving his right to a jury trial and his right to confront the witnesses against him, the court stated, "What I intend to do, after I've taken the brief testimony from you . . . [is] retire to chambers to review the stipulated facts, and then we'll return . . . after I've had a chance to look that over, to make a final determination of guilt." Once the court reviewed the stipulated facts, it made factual findings of its own, on the record, and concluded that Myhre was guilty of

---

[7] We disagree with the court of appeals' conclusion that it was possible to treat Myhre's guilty plea as a not-guilty plea.

15

first-degree refusal to test.

The district court clearly indicated that it intended to conduct an independent review of the facts and make an independent judgment concerning Myhre's guilt. The process the court followed, including making factual findings on the record and clearly adjudicating Myhre guilty only after reviewing the facts submitted to the court, generally constitutes a "trial to the court," as contemplated by Rule 26.01, subdivision 4. Consequently, we conclude that although Myhre may have nominally entered a plea of guilty, his guilty plea had no impact on his substantial rights. As a result, Myhre cannot satisfy the third prong of the plain error test and he is not entitled to relief based on this error.

Next, Myhre contends that an error was committed when the parties failed to acknowledge, on the record, that the pretrial issue Myhre intended to appeal would be dispositive, as required by Rule 26.01, subdivision 4. Because Myhre failed to object to the error in the district court, it too is subject to plain error analysis. *Baird*, 654 N.W.2d at 113. The text of Rule 26.01, subdivision 4, clearly requires the prosecutor and the defendant to acknowledge the dispositive nature of the pretrial issue on the record. As a result, the district court committed a plain error when it failed to require those acknowledgments in this case. *See Ramey*, 721 N.W.2d at 302.

Once again, however, Myhre must demonstrate that the error impacted his substantial rights. Myhre does not fully develop this argument or clarify how a failure to acknowledge the dispositive nature of the pretrial issue prejudiced him. After a careful consideration of the record and the circumstances of this case, we have concluded that the

16

failure to acknowledge the dispositive nature of the pretrial issue did not and could not have prejudiced Myhre.

If the pretrial issue appealed pursuant to Rule 26.01, subdivision 4, were not actually dispositive, a criminal defendant could hypothetically be prejudiced if he or she were to prevail on appeal because he or she might still be subject to prosecution on the same charge in the district court after the appeal. Where the pretrial issue is actually dispositive, however, there is no risk of prejudice because the defendant prevailing on appeal will be able to assert the dispositive nature of the ruling on remand to the district court. Here, Myhre was challenging the constitutionality of the statute under which he was charged. Had the court of appeals agreed with Myhre and held that the implied-consent statute is unconstitutional, there is no doubt that ruling would have been dispositive. Of course, the court of appeals held that the statute is, in fact, constitutional and affirmed Myhre's conviction, foreclosing the possibility that Myhre could have been prejudiced by this error. Consequently, not only did Myhre not suffer any actual prejudice in this case, he suffered no risk of prejudice as a result of the error. Because he cannot show prejudice to his substantial rights, Myhre is not entitled to relief based on this error.

## III.

Although we affirm Myhre's conviction today, it would be a mistake to minimize the errors that spawned this appeal. *Lothenbach* has not been the law in this state for more than 8 years. The fact that the district court and experienced attorneys are still attempting to employ a procedure long ago superseded by rule is, to say the least,

17

concerning. It is made all the more alarming because, even if *Lothenbach* were still the law, the district court's procedure in this case failed to even comply with *Lothenbach*'s requirements. Nevertheless, given our application of the plain error standard in this case and the arguments of the parties, we affirm the decision of the court of appeals.

Affirmed.

DISSENT

WRIGHT, Justice (dissenting).

The majority and I agree that we generally apply the plain error test to alleged errors for which there was no objection at trial. *State v. Hill*, 801 N.W.2d 646, 654 (Minn. 2011); *see* Minn. R. Crim. P. 31.02. We also agree that the plain error test is appropriate to review the five alleged violations of Minn. R. Crim. P. 26.01, subd. 4, in this case. Regarding the first and second errors (the appellant pleading "guilty" instead of "not guilty" and failing to acknowledge the dispositive nature of the pretrial issue), I concur that the plain error legal standard is not met because these errors either did not affect appellant's substantial rights or they did not affect the fairness and the integrity of the judicial proceedings such that reversal would be warranted.

Nevertheless, the repeated noncompliance with Rule 26.01 by trial counsel and by district courts, in this and other cases, is deeply troubling. And for far too long, this court has afforded a concerning degree of tolerance that fosters both unauthorized *Lothenbach* procedures and disregard for the rules governing the criminal process. *See, e.g.*, *State v. Diede*, 795 N.W.2d 836, 842 n.2 (Minn. 2011) (noting that the district court followed the superseded *Lothenbach* procedure, but concluding that the process only "closely resemble[d]" Rule 26.01, subdivision 4); *State v. Busse*, 644 N.W.2d 79, 82 n.3 (Minn. 2002) (noting that the defendant pleaded "guilty" even though the proper procedure required a plea of "not guilty"); *State v. Verschelde*, 595 N.W.2d 192, 194-95 (Minn. 1999) (noting that the "erroneous labeling" of a *Lothenbach* plea as a "guilty plea" by the parties and district court at the plea hearing reflected the "appellant's confusion" about

the proper *Lothenbach* procedure, but nonetheless concluding that "appellant did not in fact plead guilty"); *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) ("Although [the *Lothenbach* procedure] was not followed in this case [because the district court accepted the defendant's plea of 'guilty' instead of 'not guilty'], the circumstances are similar to those in *Lothenbach*.").

The State's misguided argument that the extensive violations of Rule 26.01, subdivision 4, present here, such as accepting a plea of "guilty" instead of "not guilty," are a "common procedure by the court" in Houston County, makes this case even more troubling. Because our warnings over the last quarter century have gone unheeded, now is the time to say—and mean—that continued noncompliance with Rule 26.01, subdivision 4, will no longer be tolerated. *Cf., e.g.*, *State v. Lefthand*, 488 N.W.2d 799, 802 (Minn. 1992) ("Where the prosecution persists in skirting our rules and disregarding our admonitions, we are left with no option but to reverse."); *State v. Merrill*, 428 N.W.2d 361, 373 (Minn. 1988) (warning prosecutors "for the last time that we will no longer tolerate the tactics used . . . in this case. The prosecution can expect a reversal if such tactics are used again."). The court should announce that the failure to comply substantially with Rule 26.01, subdivision 4, will be deemed reversible error in future cases, whether under the plain error test, or if necessary, in the "interests of justice" under our power to supervise trial courts, to ensure that our criminal rules are properly observed. *See State v. Schwantes*, 314 N.W.2d 243, 245 (Minn. 1982) ("[A]lthough the evidence of defendant's guilt was strong, we conclude that a new trial is required in the interests of justice and to insure that the reciprocal discovery rules adopted by this court

are observed . . . ."); *see also State v. Beecroft*, 813 N.W.2d 814, 852 (Minn. 2012) (plurality opinion); *State v. Salitros*, 499 N.W.2d 815, 820 (Minn. 1993); *State v. Kaiser*, 486 N.W.2d 384, 387 (Minn. 1992).

However, I disagree with the majority's disposition of the third error. Myhre never acknowledged that appellate review would be limited to the pretrial issue and would not extend to his guilt. This omission is a violation of Rule 26.01, subdivision 4(f)'s requirement that the "defendant must also acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt." Not only did the district court fail to ensure that Myhre understood that he was relinquishing this right and to elicit this critical acknowledgement, Myhre stated precisely the opposite on the record. Myhre plainly stated that he planned to "appeal the Court's finding of guilt." Because this error satisfies the plain error test, and because it satisfies the "interests of justice" requirement to overcome forfeiture, I would reverse and remand for new proceedings. For these reasons, I respectfully dissent.

## I.

When applying the plain error test, we determine whether "there was (1) an error (2) that was plain (3) that affected the defendant's substantial rights." *State v. Little*, 851 N.W.2d 878, 884 (Minn. 2014) (citing *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998)). If those three elements are met, we reverse when the error "seriously affects the fairness and integrity of the judicial proceedings." *Id.*

Rule 26.01, subdivision 4, requires that the defendant "acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt." The district court's

failure to obtain this acknowledgement from Myhre is plain error. *See Little*, 851 N.W.2d at 884 ("An error is 'plain' if it is clear and obvious at the time of appeal," and "[a]n error is clear or obvious if it 'contravenes case law, a rule, or a standard of conduct.'" (citation omitted) (quoting *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006))). Not only did the district court violate Rule 26.01, subdivision 4, by failing to elicit this acknowledgement, the district court also failed to correct Myhre's mistaken belief that he would be able to appeal the district court's finding of guilt. During the hearing, defense counsel stated to Myhre, "What you're expecting is for the Court to read those facts and find you guilty and then a sentence will be imposed, and then we will . . . *appeal the Court's finding of guilt*; is that correct?" (Emphasis added.) Myhre answered, "Yes."

Myhre's arguments on appeal reinforce his expectation that appellate review would extend to the finding of guilt. At the court of appeals, in addition to challenging the validity of his plea and the constitutionality of the implied-consent law, Myhre attempted to challenge the sufficiency of the evidence for his conviction. *See State v. Myhre*, No. A14–0670, 2015 WL 853465, at *4 & n.5 (Minn. App. Mar. 2, 2015). However, the court of appeals declined to review the sufficiency of the evidence because Rule 26.01, subdivision 4, limits appellate review to pretrial issues and precludes the review of a defendant's guilt. *See id.* ("[W]e do not address appellant's sufficiency-of-the-evidence issue . . . . We . . . decline to review appellant's guilt or other issues in accord with Minn. R. Crim. P. 26.01, subd. 4(f).").

Because Myhre clearly did not understand and agree to exclude from appellate review the district court's determination of his guilt, Myhre's substantial rights were

affected. The right to appeal from a determination of guilt is a substantial right to which all criminal defendants are entitled, unless it is knowingly and intelligently waived. *See Hoagland v. State*, 518 N.W.2d 531, 534 (Minn. 1994) ("[A] convicted defendant is entitled to at least one right of review by an appellate or postconviction court . . . . In a direct appeal . . . this court must determine . . . whether a jury could reasonably conclude that defendant was guilty of the offense charged." (citation omitted) (internal quotation marks omitted)). A defendant's substantial rights are affected when there is a reasonable possibility that the error had a significant effect on the proceeding. *See Little*, 851 N.W.2d at 884-85. In *Little*, for example, we reversed a conviction and remanded, holding that the district court's failure to elicit a personal waiver of the jury trial right satisfied the plain error test because there was a "reasonable possibility" that, but for that error, the defendant would have chosen to proceed with a jury trial. *See id.* at 884-86.

Here, there is a "reasonable possibility" that the district court's failure to elicit Myhre's acknowledgement that the scope of appellate review was limited, along with its failure to correct the explicit misinformation that Myhre *could* appeal a finding of his guilt, had a significant effect on the proceedings. This is particularly so in light of the type of plea procedure in which the parties engaged. If Myhre had been informed properly, rather than expressly *mis*informed, of the appellate consequences of the plea procedure, there is a reasonable possibility that Myhre would have chosen one of many other procedures that *would* have allowed him to appeal the determination of guilt. These procedures include a stipulated facts trial, a bench trial, or a jury trial, under Rule 26.01, subdivisions 1-3. Myhre's affirmation during the plea hearing that he "expect[ed] . . .

D-5

[that he would] appeal the Court's finding of guilt," and his subsequent appellate claims challenging the sufficiency of the evidence, demonstrate both Myhre's intention to appeal the district court's determination of his guilt and a "reasonable likelihood that, but for the district court's error, he would not have" engaged in the (putative) Rule 26.01, subdivision 4, procedure that precluded him from doing so. *See Little*, 851 N.W.2d at 886. The majority's decision effectively concludes that Myhre unwittingly and involuntarily waived a substantial right that he intended to invoke—the right to appeal a finding of guilt—through an unauthorized procedure that is contrary to Rule 26.01, subdivision 4. A "waiver" that is the product of both a plainly erroneous failure to elicit the acknowledgement required by subdivision 4(f) and misinformation regarding the scope of appellate review is not knowingly and intelligently made.

In *Little*, an analogous jury-trial-waiver case, we applied the plain error test and reversed, holding that there was a "reasonable possibility" that Little would not have waived a jury trial. 851 N.W.2d at 885-86. We did so because the district court did not properly question Little to obtain his personal waiver, and because it was unclear whether Little and his counsel "fully discussed the advantages and disadvantages of waiving a jury trial," such that Little had a "full appreciation" of what was happening. *Id.* Here, an even stronger factual basis for reversal exists. The record in *Little* was "silent" on whether the defendant would have waived his jury trial right had he been properly questioned by the district court, and Little offered no evidence on whether he would have sought a jury trial had he been properly informed of his rights. *See id.* at 886; *see also id.* at 895-96 (Stras, J., dissenting). Having reversed when applying the "reasonable

D-6

possibility" standard in *Little*, surely reversal is warranted here.

No guesswork is needed here. We have direct evidence supporting more than a *reasonable possibility* that Myhre would have chosen a different procedure had he been properly informed of his rights. Myhre confirmed on the record, during the hearing, that he "expect[ed] . . . [to] appeal the Court's finding of guilt." This is precisely contrary to the requirement that a defendant acknowledge that the issue of guilt cannot be appealed under Rule 26.01, subdivision 4. The error in *Little* was passive, an act of omission—the lack of proper questioning by the district court and no personal waiver by the defendant. From that error we inferred a "reasonable possibility" that the defendant would have chosen a different procedure had the questioning occurred. Here, by contrast, the defendant was *actively misinformed* on the record. After the error, Myhre clearly advised the district court and counsel of his intention to appeal a finding of guilt. And true to his word, he attempted to do so at the court of appeals. When compared to the facts in *Little*, the facts here establish an even greater likelihood or "reasonable possibility" that Myhre would have chosen a *different procedure*—such as a stipulated facts trial, a bench trial, or a jury trial—had his counsel or the district court properly informed him on the record that the issue of guilt could not be appealed under Rule 26.01, subdivision 4. This error affected Myhre's substantial rights.

Lastly, we inquire whether reversal is required to "ensure fairness and the integrity of the judicial proceedings." *Little*, 851 N.W.2d at 886 (quoting *Griller*, 583 N.W.2d at 740). The right to appeal a finding of guilt is fundamental to the fairness and integrity of our criminal justice system. *See Spann v. State*, 704 N.W.2d 486, 493-95 (Minn. 2005)

(holding that to preserve the fairness and integrity of the judicial system, a defendant may not waive the right to appeal after conviction); *Hoagland*, 518 N.W.2d at 534 ("[A] convicted defendant is entitled to at least one right of review by an appellate or postconviction court."). Because Myhre never acknowledged that he was relinquishing the right to appeal his guilt, as required by Rule 26.01, subdivision 4, and because he was advised during the plea hearing that his ability to appeal his guilt was preserved, a decision to affirm the criminal conviction seriously undermines the fairness and integrity of the judicial proceedings. *See Little*, 851 N.W.2d at 886. The plain error test is fully satisfied.

## II.

The majority elects not to reach the merits or conduct a plain error analysis of the third error—that Myhre did not acknowledge on the record that he would be unable to appeal his guilt. Rather, the majority rests its decision solely on a determination that Myhre forfeited this error. Although Myhre argued this error in his appellate brief to our court,[8] he neither raised this error before the court of appeals nor in his petition for

---

8     The majority holds that this error is forfeited in part because Myhre's brief to this court "provides no substantial analysis or argument" regarding this error. This is not so. Myhre's brief to this court provides as follows:

> [C]ontrary to the plain language of subdivision 4(f), Myhre did not acknowledge that appellate review would be limited to the pretrial issue and would not be of his guilt. Instead, Myhre affirmed his understanding that the purpose of review would be to "appeal the court's finding of guilt."

Forfeiture for inadequate briefing typically applies to an appellant's mere assertion that an error occurred, without providing any supporting legal authority, argument, or a
(Footnote continued on next page.)

review. It is true, as the majority opinion states, that issues raised for the first time at the Minnesota Supreme Court generally are considered forfeited, *see State v. Campbell*, 814 N.W.2d 1, 4 n.4 (Minn. 2012), and that we are reluctant to address issues that were not raised in a petition for review, *In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 757 (Minn. 2005). But the State has never asserted forfeiture. And we recently "decline[d] to address" a forfeiture argument because the state failed to adequately preserve and present it. *State v. Hester*, 796 N.W.2d 328, 331 n.2 (Minn. 2011).

Even if forfeiture is applicable, we, the Minnesota Supreme Court, have the discretion to reach issues that would otherwise be forfeited when the "interests of justice" require consideration of such issues and our consideration "would not unfairly surprise a party to the appeal." *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996); *see GlaxoSmithKline*, 699 N.W.2d at 757 (stating that "[g]enerally, we do not address issues that were not raised in a petition for review" but that "we may deviate from [this general rule] in the interests of justice"); *see also* Minn. R. Civ. App. P. 103.04 (providing that

---

(Footnote continued from previous page.)
factual basis for that error. *See Balder v. Haley*, 399 N.W.2d 77, 80 (Minn. 1987); *Louden v. Louden*, 221 Minn. 338, 339, 22 N.W.2d 164, 166 (1946). Here, Myhre's brief cites the applicable legal authority (subdivision 4(f)) and presents both a legal argument and a factual basis for the violation of that authority. Myhre asserted that the plain language of subdivision 4(f) was violated for two reasons: one, because he never acknowledged that appellate review would be limited to the pretrial issue and did not encompass his guilt, and two, because he affirmed, during the plea hearing, his plainly erroneous understanding that he could appeal the court's finding of guilt. Moreover, even assuming forfeiture for inadequate briefing, such forfeiture may be overcome if prejudicial error is obvious on mere inspection, *Balder*, 399 N.W.2d at 80, or it may be overcome by the court's discretion in the interest of justice, *id.* (citing Minn. R. Civ. App. P. 103.04). Both of these bases for overcoming forfeiture are satisfied here.

appellate courts "may review any other matter as the interest of justice may require").

Here, the "interests of justice" overcome forfeiture for two reasons. First, the alleged error affects a substantial right—the right to appeal a finding of guilt. Second, addressing the error is necessary to preserve the fairness and the integrity of the judicial proceedings. Myhre's counsel erroneously informed Myhre during the hearing, in the presence of the district court and the prosecutor, that the chosen procedure would allow him to appeal his guilt. The district court failed to correct this erroneous statement regarding the relinquishment of a substantial right and failed to elicit Myhre's acknowledgement and ensure his understanding of the limited scope of review afforded by Rule 26.01, subdivision 4. Thereafter, Myhre's right to appeal his guilt at the court of appeals was foreclosed. Because the error at issue here seriously harms the fairness and integrity of the judicial proceedings, it also invokes the similar "interests of justice" rationale for overcoming forfeiture. The State would not be "unfairly surprised" by our consideration of this issue. Myhre's opening brief presented the argument, giving the State ample opportunity to counter it both in its responsive brief and during oral argument.

The district court's failure to elicit Myhre's acknowledgement of the limited scope of review under Rule 26.01, subdivision 4, and the district court's failure to correct defense counsel's erroneous statement that utilizing the chosen procedure would permit Myhre to "appeal the Court's finding of guilt," satisfy both the plain error test and the "interests of justice" exception to forfeiture. Our sustained tolerance of unauthorized plea procedures and serious violations of Rule 26.01, subdivision 4, results in an unjust

D-10

decision here. Allowing a forfeiture of the right to appeal a determination of guilt to stand under these circumstances seriously harms the public's confidence in the justice, fairness, and integrity of our judicial proceedings. For these reasons, I respectfully dissent.


LILLEHAUG, Justice (dissenting).

I join in the dissent of Justice Wright.