## S. A. McGEAGH *vs.* P. N. NORDBERG.

Argued May 5, 1893. Decided May 9, 1893.

### Waiver of Trial by Jury.

The waiver of a jury when a cause is called for trial is a waiver of jury trial only of the issues then formed, and not an agreement to waive it as to all new and different issues that may thereafter be formed under amended pleadings.

### Prepayment of Jury Fee.

The municipal court act provides that "the party demanding a jury in a civil action shall be required to advance and pay * * * a jury fee of $3, and unless such jury is demanded, *and such fee paid,* upon the calling of the calendar on the first day of the term at which the same is set for trial, it shall be considered to be, and the same shall be, waived, and said action tried by the court." *Held,* that an appellant who assigns as error the denial of his demand for a jury trial should make it appear from the record that his demand was accompanied by payment of the jury fee into court.

Appeal by defendant, P. N. Nordberg, from an order of the Municipal Court of the City of Minneapolis, *Stephen Mahoney,* J., made September 21, 1892, denying his motion for a new trial.

*A. B. Darelius,* for appellant, cited *Biggs* v. *Lloyd,* 70 Cal. 447; *Elliott* v. *Caldwell,* 43 Minn. 357; *Marcotte* v. *Beaupre,* 15 Minn.

152, (Gil. 117;) *Lace* v. *Fixen*, 39 Minn. 46; *St. Paul & Sioux City R. Co.* v. *Gardner*, 19 Minn. 132, (Gil. 99;) *Deering* v. *McCarthy*, 36 Minn. 302.

*Robert Stratton*, for respondent, cited *Conneau* v. *Geis*, 73 Cal. 176; *Adams* v. *Corriston*, 7 Minn. 456, (Gil. 365;) *Stadler* v. *Hertz*, 13 Lea, 315; *Bailey* v. *Joy*, 132 Mass. 356; *Venine* v. *Archibald*, 3 Colo. 163; *Randall* v. *Kehlor*, 60 Me. 37.

MITCHELL, J. This was an action to recover for services as agent or broker in securing a loan for defendant. In his original complaint the plaintiff declared on an express contract to pay a specified amount. When the case was called, both parties waived a jury, and the trial was commenced before the court. On the trial the plaintiff offered evidence of the reasonable value of his services, which was excluded as not being admissible under the pleadings. Thereupon the plaintiff asked and obtained leave to amend his complaint so as to allege an implied contract to pay what the services were reasonably worth, and the cause was continued over the term. The cause, being again at issue upon the amended pleadings, and being "on the calendar of the May 17, 1892, general term of the court, which date was the first day of that term for setting cases, was called to be set for a day certain. The defendant, in open court, demanded a trial by jury, which the court refused to grant," to which refusal defendant excepted. The cause was continued over until the June term, when, upon the case being again called, "the defendant demanded, in open court, a trial by jury, which the court refused, to which refusal the defendant duly excepted," and thereafter, upon a day set, the cause was tried by the court without a jury. The principal question in the case is whether the court erred in refusing defendant a jury trial.

It will be observed that the record is silent as to the ground upon which defendant's demand was refused. It is a familiar rule that, to entitle an appellant to a reversal, the error assigned must appear affirmatively of record, as every reasonable presumption is in favor of the regularity of the proceedings of the court below. If the court had refused defendant's demand on the ground that the waiver of a jury trial of the issues under the original pleadings

amounted to a waiver of a jury trial of the issues subsequently formed under the amended pleadings, we have no doubt this would have been error. The issues under the two sets of pleadings were essentially different. All that defendant waived was a jury trial of the issues then formed, and not of any and all other issues that might possibly be thereafter formed under amended pleadings, and which he could not anticipate. He might well be willing to waive a jury trial of the issue as to the existence of a special contract, and yet not be willing to leave the question of the reasonable value of plaintiff's services to the court. The case is very different from one of a mere formal amendment of pleadings, which leaves the issues the same.

But for anything that appears of record, defendant's demand might have been refused on an entirely different ground.

Section 13 of the municipal court act of Minneapolis provides: "The party demanding a jury in any civil action shall be required to advance and pay to the clerk of said court, on the first day of the term at which such action is set for trial, a jury fee of three dollars; and unless such jury is demanded, and *such fee paid,* upon the calling of the calendar, on the first day of the term at which the same is set for trial, it shall be considered to be, and the same shall be, waived, and said action tried by the court." The record fails to show that defendant had paid, or offered to pay, the requisite jury fee, and the trial court may have rightfully denied his demand on that ground. The power of the legislature to require the prepayment of a reasonable jury fee as a condition to entitle a party to a jury trial, and to provide that the failure to do so shall amount to a waiver of a jury, is undoubted. *Adams* v. *Corriston,* 7 Minn. 456, (Gil. 365.)

The other assignments of error, having reference to the competency of certain evidence, and the sufficiency of the evidence to sustain the findings, contain nothing worthy of special mention. We think no one of them is well taken.

Order affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 117.)

Application for reargument denied May 23, 1893.