OPINION
PAGE, Justice.
This case presents the issue of whether a defendant who has waived his right to a jury trial must renew that waiver when the State subsequently amends the complaint to add a new charge. Appellant Antoine Rumel Little was found guilty of one count of first-degree criminal sexual conduct, in violation of Minn.Stat. § 609.342, subd. l(e)(i) (2012), one count of third-degree criminal sexual conduct, in violation of Minn.Stat. § 609.344, subd. 1(b) (2012), and one count of fourth-degree criminal sexual conduct, in violation of Minn.Stat. § 609.345, subd. 1(b) (2012). As relevant to this appeal, Little argues that the district court committed reversible error when it failed to obtain his personal jury-trial waiver on the first-degree criminal sexual conduct charge. The court of appeals affirmed Little’s first-degree criminal sexual conduct conviction. For the reasons discussed below, we reverse the court of appeals, vacate Little’s conviction for first-degree criminal sexual conduct, and remand to the district court for further proceedings consistent with this opinion.
In the winter of 2010 the victim, 14-year-old S.M.L., was introduced to Little. Sometime in early February, S.M.L., her sister, Little, and several others, were smoking marijuana and drinking alcohol in a Rochester apartment. Around 1 a.m., S.M.L. went to sleep in one of the apartment’s two bedrooms. In the middle of the night, Little got into bed with S.M.L. and began groping her. When Little proposed that the two have sex, S.M.L. refused. Little then inserted his penis in S.M.L.’s anus. S.M.L. told Little to stop several times. After 5 to 10 minutes he finally stopped. After the encounter, S.M.L. went to the bathroom to check to see if she was okay and found blood on the toilet paper. Several days later, S.M.L. told a friend of her sister and her cousin about the encounter. This information made its way to S.M.L.’s mother, who confronted S.M.L. S.M.L. told her mother what had happened, and her mother reported the assault to the police.
On July 8, 2010, the State filed a complaint against Little charging him with third- and fourth-degree criminal sexual conduct. At a pretrial hearing on January 20, 2011, Little waived his right to a jury trial during the following colloquy:
THE COURT: Mr. Little, your attorney has indicated that you want to waive your right to have a trial by jury, is that correct?
LITTLE: Yes, sir.
THE COURT: And you understand that if you have a trial by jury that— that under the law you’re presumed innocent and that the State has the burden of proving you guilty beyond a reasonable doubt?
LITTLE: Yes, sir.
THE COURT: And that they have to convince twelve jurors that you are guilty beyond a reasonable doubt and they have to convince them of that with *881 respect to each and every element of the offense?
LITTLE: Yes, sir.
THE COURT: And that if you waive that right to have a jury trial, the — the presumption of innocence and the burden of proof of beyond a reasonable doubt remain in place but then the — the State only has to convince one person, that is the judge who will hear the case, that you’re guilty, you understand that?
LITTLE: Yes, sir.
THE COURT: And it is your right to waive that and to have this tried to the Court, do you understand that?
LITTLE: Yes, sir.
THE COURT: And is that what you’ve decided to do?
LITTLE: Yes, sir.
THE COURT: And you’ve consulted with your attorney about the wisdom of that and the consequences of doing it?
LITTLE: Yeah.
THE COURT: And you’ve weighed your options in terms of having the jury trial versus having a court trial?
LITTLE: Yes, sir.
THE COURT: And — And it’s your own free and voluntary decision then to waive your right to a jury trial and ask that this be tried to the Court?
LITTLE: Yes, sir.
THE COURT: And no one’s threatened you or coerced you or forced you to do that, have they?
LITTLE: No, sir.
THE COURT: And you’re not doing this just because you’re in custody and you think it might make things go faster, are you?
LITTLE: Yeah, in a way.
THE COURT: You’re doing it because of that or you’re not?
LITTLE: No, no, no.
THE COURT: All right. You just decided it’s in your best interest to try this to the Court rather than to a jury, is that correct?
LITTLE: Yeah.
On February 1, 2011, the State filed an amended complaint adding the first-degree criminal sexual conduct charge. Little never personally received a copy of the amended complaint. At a hearing on February 2, 2011, the court asked counsel whether a record had been made of Little’s jury-trial waiver. Both defense counsel and the prosecutor indicated that a record had been made at an earlier pretrial hearing. Little did not personally, either in writing or on the record, waive his right to a jury trial on the amended charge of first-degree criminal sexual conduct at the hearing on February 2 or at any other time. Indeed, during his pre-sentence investigation, Little stated that he did not know the State had added the first-degree criminal sexual conduct charge until he was found guilty. The trial took place on February 3, 2011, with the court serving as fact-finder. The State called four witnesses: S.M.L., two law enforcement officials who had interviewed S.M.L., and a physician assistant who had examined her. Little was the defense’s only witness. At the conclusion of the trial on February 4, the district court found Little guilty of all three counts. Little filed a post-trial motion for a new trial. The district court denied the motion and sentenced Little to 153 months in prison.
On appeal to the court of appeals, Little argued that the district court erred when it failed to obtain a personal waiver of his right to a jury trial on the charge of first-degree criminal sexual conduct. State v. Little, A11-2319, 2013 WL 599142, at *1 (Minn.App. Feb. 19, 2013). The court of appeals affirmed Little’s first-degree criminal sexual conduct conviction. Id. at *5. Reviewing Little’s claim for plain error, the court held that the district court did *882 not err because there is no “precedent that requires a district court to obtain a renewed jury waiver if the state amends the underlying complaint.” Id.
I.
Before our court, Little renews his argument that the district court erred when it failed to obtain a personal waiver of his right to a jury trial after the State amended the complaint to include the charge of first-degree criminal sexual conduct. We agree. Under both the United States and Minnesota Constitutions, a defendant is entitled to trial by jury. U.S. Const. art. Ill, § 2, cl. 3; U.S. Const. amend. VI; Minn. Const. art. 1, §§ 4, 6. In Minnesota, the right to a jury trial attaches whenever a defendant is charged with an offense that has an authorized penalty of incarceration. Minn. R.Crim. P. 26.01, subd. l(l)(a); see also State v. Weltzin, 630 N.W.2d 406, 410 (Minn.2001). Defendants may waive their right to a jury trial, but the waiver must be knowing, intelligent, and voluntary. State v. Dettman, 719 N.W.2d 644, 651 (Minn.2006) (citing Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Absent such a waiver, a criminal defendant must be tried by a jury. See State v. Ross, 472 N.W.2d 651, 653 (Minn.1991). Whether a waiver of a constitutional right was knowing, intelligent, and voluntary depends on the facts and circumstances of the case, including the background, experience, and conduct of the accused. State v. Rhoads, 813 N.W.2d 880, 884 (Minn.2012). Moreover, the Minnesota Rules of Criminal Procedure require that a defendant personally waive the right to a jury trial, either in writing “or on the record in open court.” Minn. R.Crim. P. 26.01, subd. l(2)(a).
Little acknowledges that the district court obtained a personal waiver of his right to a jury trial at the January 20, 2011, pretrial hearing. Nevertheless, he contends that the January 20 waiver does not extend to the charge of first-degree criminal sexual conduct because the State added the charge after that date. More specifically, Little argues that a waiver cannot be knowing and intelligent if the defendant does not know the relevant circumstances and consequences of the waiver. See Brady, 397 U.S. at 748, 90 S.Ct. 1463 (‘Waivers of constitutional rights ... must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.”). According to Little, the relevant circumstances include the crimes with which he is charged.
The State argues that all a defendant needs to understand when waiving the right to a jury trial are the basic components of a jury trial. See Ross, 472 N.W.2d at 654. The State contends that because the amendment to the complaint adding the first-degree criminal sexual conduct charge here did not affect Little’s understanding of the components of a jury trial and thus his right to a jury trial, a new waiver was not required.
For more than 100 years, we have held that a jury-trial waiver only applies to issues formed at the time of the waiver and not to issues added after the waiver. McGeagh v. Nordherg, 53 Minn. 235, 236-37, 55 N.W. 117, 118 (1893); see also Wittenberg v. Onsgard, 78 Minn. 342, 348, 81 N.W. 14, 16 (1899) (“Waivers of the right [to trial by jury] are always strictly construed, and are not to be lightly inferred, or extended by implication.”). In McGeagh, the defendant waived his right to a jury trial on the plaintiffs claim that the defendant breached an express contract. 53 Minn, at 236, 55 N.W. at 118. After the waiver, the plaintiff amended the complaint to allege that the parties had made an implied contract. Id. The defendant demanded a jury trial on the amend *883 ed pleadings, which the district court denied. Id. We concluded that the defendant was entitled to have a jury hear the additional claim. Id. at 236-37, 55 N.W. at 118. We reasoned that “[a]ll that defendant waived was a jury trial of the issues then formed, and not of any and all other issues that might possibly be thereafter formed under amended pleadings, and which he could not anticipate.” Id. at 237, 55 N.W. at 118.
We recognize that the jury-trial-waiver issue in McGeagh arose in the context of a civil case. But the State has not articulated, nor can we discern, any reason why our reasoning in McGeagh should not apply with equal force to criminal defendants, who are generally given greater procedural protections than parties in civil proceedings. See Turner v. Rogers, — U.S. -, 131 S.Ct. 2507, 2516, 180 L.Ed.2d 452 (2011) (noting that states may provide fewer procedural protections in civil contempt cases than in criminal cases). Additionally, we have recognized that when defendants decide whether to waive their right to a jury trial they consider more than the procedural differences between jury trials and bench trials. Ross, 472 N.W.2d at 654. For example, defendants consider the merits of their case and trial strategy. Id. They also consider the likely sentence. In considering these issues, defendants must know the charges they face. We therefore expressly state what our previous ease law makes obvious: when the State amends the complaint after a defendant’s jury-trial waiver, the district court must obtain a renewed waiver of the defendant’s right to a jury trial on the newly added charge.
II.
Having concluded that a renewed jury-trial waiver was required in this case, we next consider the State’s argument that Little validly waived his right to a jury trial on the first-degree criminal sexual conduct charge at the February 2 pretrial hearing. The State’s argument relies on defense counsel’s statement that a record had been made of Little’s waiver “last Thursday at the pre-trial.” Our rules, however, explicitly state that a “defendant ... may waive a jury trial on the issue of guilt provided the defendant does so personally, in writing or on the record in open court.” Minn. R.Crim. P. 26.01, subd. l(2)(a) (emphasis added). Because the statement relied on by the State came from Little’s attorney — not Little himself — the statement does not satisfy the requirements of Minn. R.Crim. P. 26.01. We therefore conclude that the district court erred when it failed to obtain a personal waiver of Little’s right to a jury trial on the first-degree criminal sexual conduct charge.[1]
III.
Because the district court erred when it failed to obtain a personal waiver of Little’s right to a jury trial on the first-degree criminal sexual conduct charge, we must consider what, if any, relief is appropriate. Little contends that forfeiture and plain error analysis do not apply to the requirement that defendants affirmatively waive their jury-trial rights. The State argues that, because Little failed to object, the error is subject to plain error review. The State further contends that the error was not a plain error that affected Little’s substantial rights, and, therefore, Little is *884 not entitled to a new trial on the first-degree criminal sexual conduct conviction. Because we conclude that Little is entitled to a new trial on the first-degree criminal sexual conduct offense, under plain error analysis, we need not resolve the parties’ dispute regarding the appropriate review standard.[2] See Hooper v. State, 838 N.W.2d 775, 786 n. 1 (Minn.2013) (explaining that the court did not need to decide whether the harmless error or plain error standard applied because the defendant was entitled to relief under either standard). Under the plain error standard, we consider whether there was (1) an error (2) that was plain (3) that affected the defendant’s substantial rights. State v. Griller, 583 N.W.2d 736, 740 (Minn.1998). Even if all of these prongs are met, we only address the error if it seriously affects the fairness and integrity of the judicial proceedings. Id.
Having already concluded that the district court erred, we next turn to whether the error was plain. An error is “plain” if it is clear and obvious at the time of appeal. Id. at 741. An error is clear or obvious if it “contravenes case law, a rule, or a standard of conduct.” State v. Ramey, 721 N.W.2d 294, 302 (Minn.2006). “It is well established that a defendant’s waiver of his right to a jury trial on the elements of an offense must be knowing, intelligent, and voluntary.” State v. Dettman, 719 N.W.2d 644, 651 (Minn.2006) (citing Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). For more than 100 years we have adhered to the rule that a civil defendant’s jury-trial waiver only applies to “issues then formed, and not of any and all other issues that might possibly be thereafter formed under amended pleadings.” McGeagh v. Nordberg, 53 Minn. 235, 237, 55 N.W. 117, 118 (1893). The State has failed to articulate, nor can we discern, any reason why our reasoning in McGeagh should not apply with equal force to criminal defendants who, as we noted previously, are generally given greater procedural protections than parties in civil proceedings. Based on our existing case law, we conclude that the district court committed an error that was plain when it failed to obtain a personal waiver of Little’s right to a jury trial on the first-degree criminal sexual conduct charge.
We now turn to the third prong of our plain-error analysis, whether the error affected Little’s substantial rights. Griller, 583 N.W.2d at 741. An error affects substantial rights if “the error was prejudicial and affected the outcome of the case.” Id. An error is prejudicial if there is a reasonable likelihood that the error had a significant effect on the proceeding. Cf. State v. Powers, 654 N.W.2d 667, 680-81 (Minn.2003) (concluding that the defendant’s absence from the motion hearing was not prejudicial because the defendant’s presence would not have changed the outcome of the motion hearing); State v. Moore, 438 N.W.2d 101, 105 (Minn.1989) (concluding that the omission of allegedly exculpatory evidence was not prejudicial because it did not affect the outcome of the proceeding).
Under the facts of this case, we conclude that there is a reasonable likelihood that the district court’s failure to obtain Little’s personal jury-trial waiver on the charge of first-degree criminal sexual conduct had a significant effect on the proceedings. The day after the State amended the complaint, Little reached a plea deal with the *885 State in which Little would plead guilty to third-degree criminal sexual conduct, and the State would agree to probation. Little ultimately rejected the plea deal despite the fact that he had initially suggested the deal. At the February 2 pretrial hearing, the district court asked counsel whether a record had been made of Little’s jury-trial waiver. Defense counsel responded that a record had been made at the January 20 pretrial hearing. As previously noted, defense counsel’s response did not serve as a personal waiver of Little’s right to a jury trial on the first-degree criminal sexual conduct charge. Moreover, the newly added charge in this case significantly increased the range of potential punishment. Further, it is not even clear that Little was aware of the first-degree criminal sexual conduct charge before trial. He did not receive a copy of the amended complaint, and during the presentence investigation he stated that he did not know about the added charge until after he was found guilty. After trial, defense counsel stated that Little may not have had a full appreciation of what was happening in the days leading up to trial because everything was moving at “laser light speed.” Based on these facts, we cannot assume that Little and his counsel fully discussed the advantages and disadvantages of waiving a jury trial on the significantly more serious charge of first-degree criminal sexual conduct.
The concurrence and dissent contends that Little cannot establish that the error affected his substantial rights because “Little has not offered any evidence on whether he would have sought a jury trial had he been properly informed of his rights.” But this requirement would place Little in an impossible position for at least two reasons. First, the record on appeal is generally limited to the papers, transcripts, and exhibits entered in the district court. Minn. R.Crim. P. 28.02, subd. 8; Plowman v. Copeland, Buhl & Co., 261 N.W.2d 581, 583 (Minn.1977) (“It is well settled that an appellate court may not base its decision on matters outside the record on appeal, and that matters not produced and received in evidence below may not be considered.”). Second, the concurrence and dissent’s position would require Little to present evidence as to what he would or would not have done with respect to his jury-trial right on the amended complaint at a time when the record indicates that he did not know and was not informed that he had a choice and at a time when he claims he did not know about the amendment.[3]
The concurrence and dissent ultimately concludes that Little likely would have waived his right to a jury trial on the added charge, reasoning that the first-degree criminal sexual conduct charge involved the same underlying conduct as the existing charges. It is true that the con *886 duct underlying both charges is the same. But, as Little notes, the elements to be proved and the penalties are dramatically different.[4] In addition, as the concurrence and dissent notes, our focus is on “what the defendant would have done, not what we think the defendant should have done.” Infra at C/D-10; see also State v. Ross, 472 N.W.2d 651, 654 (Minn.1991) (noting that it is not the courts’ role to explore matters of trial strategy and tactics). As noted above, the record here is silent and provides no reliable evidence suggesting that, had Little known of the amended charge, he would have waived his right to a jury trial. Accordingly, we conclude that, had the district court personally questioned Little about his right to a jury trial on the first-degree criminal sexual conduct charge in accordance with the requirements of Minn. R.Crim. P. 26.01, there is a reasonable possibility that Little would not have waived that right. Because we conclude that there is a reasonable possibility that Little would not have waived his right to a jury trial on the amended charge of first-degree criminal sexual conduct, we also conclude that the district court’s failure to obtain a waiver and then concluding Little’s trial without a jury deprived Little of his right to a jury trial and was prejudicial. See Dettman, 719 N.W.2d at 655.
Having concluded that the error was plain and affected Little’s substantial rights, we must consider whether reversal is required “to ensure fairness and the integrity of the judicial proceedings.” Griller, 588 N.W.2d at 740. In Griller, we considered whether an improper jury instruction on an affirmative defense entitled the defendant to a new trial. Id. We concluded that a reversal was not required to preserve the integrity of judicial proceedings because granting the defendant a new trial would have been “an exercise in futility and a waste of judicial resources.” Id. at 742. The same cannot be said in Little’s case. Allowing Little to stand convicted of a much more serious offense when there is a reasonable likelihood that but for the district court’s error he would not have waived his constitutional right to a jury trial on the newly added charge will adversely affect the public’s confidence in the fairness and integrity of judicial proceedings. We therefore reverse the court of appeals, vacate Little’s conviction for first-degree criminal sexual conduct, and remand to the district court for further proceedings consistent with this opinion.
IV.
In summary, under our existing case law it is plain and obvious that when the State *887 charges a defendant with an additional offense after the defendant has waived his or her right to jury trial, the court must obtain a new waiver before dispensing with a jury. In this case, the district court’s failure to obtain a personal waiver of Little’s right to a jury trial on the first-degree criminal sexual conduct charge constituted a plain error that affected his substantial rights. Moreover, allowing the first-degree criminal sexual conduct conviction to stand would adversely affect the public’s confidence in the fairness and integrity of judicial proceedings. As a result, we reverse Little’s first-degree criminal sexual conduct conviction and remand for further proceedings consistent with this opinion.
Reversed and remanded.

. We also note that the pretrial hearing to which defense counsel referred occurred before Little was charged with first-degree criminal sexual conduct. Because Little had not yet been charged, with first-degree criminal sexual conduct, he could not have waived his right to a jury trial on that charge.

. Little contends that State v. Osborne, 715 N.W.2d 436, 442-43 (Minn.2006), and State v. Rhoads, 813 N.W.2d 880, 885 (Minn.2012), support his standard of review argument.
The State cites Roby v. State, 547 N.W.2d 354, 357 (Minn.1996), in support of its standard of review argument.

. The concurrence and dissent suggests that Little could have shown that there is a reasonable likelihood that he would not have waived his right to a jury trial by "submitting] an affidavit stating that he would not have waived his jury-trial right had he known of the charge of first-degree criminal sexual conduct." While hindsight may be 20/20, such a self-serving affidavit would lack credibility. The fact is that, without knowing about the charge and without having been given the waiver advisory with respect to that charge by the district court, it is impossible for Little to establish what he would have done at the time. At most, Little can only speculate now about what he would have done then. We also note that because this case is on direct appeal, Little cannot at this point submit such an affidavit.
The concurrence and dissent also suggests that Little could have "pointed to evidence in the existing record that provided insight into his views regarding a jury trial." But given Little’s lack of knowledge and the fact that the waiver advisory was not given, no record was or could have been made with respect to what he might have done had he been properly informed.

. A third-degree criminal sexual conduct charge requires the State to prove sexual penetration, that the victim was between 13 and 16 years old at the time of the incident, and that the defendant is more than 24 months older than the victim. See Minn.Stat. § 609.344, subd. 1(b). First-degree criminal sexual conduct requires the State to prove sexual penetration, personal injury, and the use of force or coercion. See Minn.Stat. § 609.342, subd. l(e)(i). The only overlap between the two offenses is the element of sexual penetration. Thus, in this case, the original charge focused on whether Little engaged in sexual penetration and the relative age of S.M.L and Little, while the amended charge of first-degree criminal sexual conduct focused on whether Little engaged in sexual penetration and whether he caused personal injury and used force or coercion. Compare Minn.Stat. § 609.344, subd. 1(b), with Minn. Stat. § 609.342, subd. l(e)(i).
The presumptive sentence for a defendant, like Little, with a criminal history score of three convicted of third-degree criminal sexual conduct ranges between 60 and 84 months. Minn. Sent. Guidelines 4.B. The presumptive sentence for a defendant with a criminal history score of three convicted of first-degree criminal sexual conduct ranges between 153 and 216 months. Id.