ANDERSON, Justice
(concurring in part, dissenting in part).
I join in Part II of the court’s opinion, which holds that the Minnesota Rules of Evidence apply to Blakely court trials. But I disagree with the court’s decision in Part III, which holds that the district court’s unobjected-to failure to apply the rales of evidence did not constitute an error that was plain. In my view, our analysis in State v. Rodriguez, 754 N.W.2d 672 (Minn.2008), leaves no doubt that the rales of evidence apply to all sentencing trials mandated by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because the plain error committed in this case impacted Sanchez-Sanchez’s substantial rights in a manner that seriously affects the fairness, integrity, and public reputation of judicial proceedings, I would reversé the 240-month sentence and remand for a new Blakely trial.
I.
Sanchez-Sanchez did not object to the district court’s failure to apply the rules of evidence during his Blakely court trial. He has, therefore, forfeited any claim based on the failure to apply those rules unless he can show that there was (1) an error, (2) that was plain, and (3) that affected his substantial rights. See State v. Kelley, 855 N.W.2d 269, 278' (Minn.2014) (explaining that the plain-error doctrine *332 provides a means for appellate courts to remedy forfeited errors). If Sanchez-Sanchez satisfies the first three prongs of the plain-error doctrine, we may correct the forfeited error only if the error seriously affected the fairness, .integrity, or public reputation of judicial proceedings. Id. at 274. In my view, Sanchez-Sanchez. has, satisfied the first prong of the plain-error doctrine for the reasons articulated by the majority. I therefore turn my attention to the second prong of the plain-error doctrine.
II.
“An error is plain if it is clear or obvious at the time of appeal.” State v. Peltier, 874 N.W.2d 792, 799 (2016). An error is “clear or obvious” when it “violates or contradicts case law, a rule, or an applicable standard of conduct.” State v. Bustos, 861 N.W.2d 666, 660-61 (Minn.2015) (quoting State v. Vang, 847 N.W.2d 248, 261 (Minn.2014)).
In my view, our analysis in Rodriguez leaves no doubt that the rules of evidence apply to all sentencing trials mandated by Blakely.[1] The defendant in Rodriguez did not waive his right to have a jury determine the existence of aggravating sentencing factors. 754 N.W.2d at 683. We, therefore, quite naturally referred to the proceedings as a “jury sentencing trial.” Id. After explaining that the Minnesota Rules of Evidence generally apply “to all actions and proceedings” in the courts of this state, see Minn. R. Evid. 1101(a), we considered the issue of whether a jury sentencing trial fell within one of the ex-ceptiops set forth in Minn. R. Evid, 1101(b)(3), which states in relevant part that the 'rules of evidence do not apply in proceedings for sentencing. Rodriguez, 754 N.W.2d at 683. We concluded that “[u]nder the plain language of Minn. R. Evid. 1101(a), the rules of evidence apply in jury sentencing trials, which are not listed as an exception in Minn. R. Evid. 1101(b).” Id. (emphasis added). We also noted that, as used in Minn. R. Evid. 1101(b), the word “sentencing” did not contemplate the proceedings' mandated by Blakely because the rule was “adopted in 1977 long before” the Blakely rule was announced. Rodriguez, 754 N.W.2d at 684 n. 8. Because Minn. R. Evid. 1101(b) makes no reference to “court sentencing trial” or “Blakely court trial,” our analysis in Rodriguez leaves no doubt that the rules of evidence also would apply' to a Blakely court trial. The district court’s failure to’ apply the rules of evidence clearly and obviously contravened our analysis in Rodriguez, and was therefore an error that was plain.
III.
Having concluded that Sanchez-Sanchez has established an error that was plain, I next .consider whether the error affected his substantial rights.. An error affects a defendant’s substantial rights when “the error was prejudicial and affected the outcome of the case.” State v. Little, 851 N.W.2d 878, 884 (Minn.2014) (quoting State v. Griller, 583, N.W.2d 736, 741 (Minn.1998)). “An error is prejudicial if there is a reasonable likelihood that the error had a significant effect on the proceedings.” Id:
During the Blakely court trial, the State presented its case through a single wit *333 ness, FBI Special Agent Andrew Mento. Although Mento had some personal knowledge of the investigation, much of his testimony involved “hearsay,” which is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Minn. R. Evid. 801(c). Such statements generally are inadmissible. Minn. R. Evid. 802. Admittedly, statements made by a cocon-spirator are not considered hearsay when certain requirements are satisfied, including the requirement that the statement be made in the course and furtherance of the conspiracy. Minn. R. Evid. 801(d)(2)(E)(ii). Here, however, many of the coconspirator statements referenced in Agent Mento’s testimony occurred after their arrest and thus could not be, and were not, made in furtherance of the conspiracy.
In sum, much of the State’s evidence would have been inadmissible had the rules of evidence been applied at Sanchez-Sanchez’s Blakely court trial. Based on my careful review of the record, I conclude that there is a reasonable likelihood that the district court’s unobjected-to failure to apply the rules of evidence had a significant effect on the outcome of the proceedings.
IV.
Having concluded that the plain error impacted Sanchez-Sanehez’s substantial rights, I next consider whether the error seriously affected the fairness, integrity, or public, reputation of judicial proceedings. As we explained in Bustos, a plain error affecting a defendant’s substantial rights, without more, is insufficient to warrant a new trial. 861 N.W.2d at 663-64 (citing United States v. Olano, 507 U.S. 725, 737, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Concluding that the rules of evidence[1] did not apply to the Blakely court trial was no ordinary error. The rules of evidence are designed to ensure that “truth may be ascertained and proceedings justly determined.” Minn. R. Evid. 102; State v. Au-bid, 591 N.W.2d 472, 479 (Minn.1999). Here, we are not faced with an erroneous application of one of the rules of evidence, but instead an erroneous conclusion that the rules of evidence did not apply to the Blakely court trial at all. As illustrated by the 137 months the district court added to the maximum sentence Sanchez-Sanchez could have received under the sentencing guidelines, the stakes at Blakely trials can be very high. If left unchecked, this erroneous conclusion that the rules of evidence do not apply to the Blakely court trial would have a substantial and deleterious effect on future trials. We recently reached a similar conclusion in. Bustos, explaining that
the district court’s errors regarding the proof-beyond-a-reasonable-doubt standard and the past-pattern jury instruction not only significantly affected Bus-tos’s trial, but left unchecked would also have a substantial and deleterious effect on future trials (and, not insignificantly, undercuts the historic standard of proof imposed on the State in criminal trials).
861 N.W.2d at 665 n. 7.
For these reasons, I would reverse ;the sentence and remand to the district court for a new Blakely trial. I respectfully dissent from Part III of the court’s opinion. ,

. The absence of any doubt distinguishes this case from State v. Milton, in which we held that the jury-instruction error was not plain because we had "not yet clearly required district courts to include a specific explanation of the ‘intentionally adding’ element until today.” 821 N.W.2d 789, 807 (Minn.2012). We acknowledged in Milton that our prior case law did not "make clear” that such an explanation was required. Id.