*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1214**

State of Minnesota,
Respondent,

vs.

Tarey Marquan Hill,
Appellant.

**Filed June 27, 2016
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-14-34009

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

A Hennepin County jury found Tarey Marquan Hill guilty of attempted first-degree burglary. Hill argues that the district court erred by not giving the jury a proper

accomplice-liability instruction.  The state concedes that the district court plainly erred in its jury instructions but argues that the error did not affect Hill's substantial rights.  We agree with the state that the district court's error did not affect Hill's substantial rights because the jury likely found Hill guilty as a principal.  Therefore, we affirm.

## FACTS

On November 18, 2014, at approximately 10:30 a.m., a Minneapolis resident, J.Y., called 911 to report that two or three persons, whom she did not recognize, were trying to break into her home.  J.Y. reported that the unknown persons repeatedly rang the doorbell and knocked on the front door and back patio door and were trying to break into a window.

Within minutes, two police officers arrived in a squad car.  The officers observed two persons near J.Y.'s house.  They saw one man, J.W., crouched down near the side of the house.  They saw another man, later identified as Hill, in the alley behind the house.  One officer testified that he made eye contact with Hill and that Hill's "eyes got very big."  The officer arrested Hill in the alley.

When he was arrested, Hill had a bleeding cut on his right hand.  Drops of Hill's blood were found on the door of the garage of the caller's house.  Hill gave the officer an unclear explanation as to how he cut his hand.  Hill also gave the officer conflicting statements about his presence in that location, saying first that he had not been near J.Y.'s home but saying later that he knocked on the doors of the house but did not attempt to enter the house.  Police officers found two distinct sets of footprints in the snow around the perimeter of the house.

2

The state charged Hill with attempted first-degree burglary of an occupied dwelling, in violation of Minn. Stat. §§ 609.05, subd. 1, 609.17, 609.582, subd. 1(a) (2014). The complaint described the charge as follows:

> That on or about November 18, 2014, in Minneapolis, Hennepin County, Minnesota, [Hill], acting alone or intentionally aiding, advising, hiring, counseling or conspiring with [J.W.] or otherwise procuring the other to commit the crime, either directly or as an accomplice, attempted to enter a dwelling, without consent and with intent to commit a crime or committed a crime while in the dwelling and another person, [J.Y.], who was not an accomplice, was in the dwelling at any time while [Hill] attempted to enter the dwelling.

The case was tried to a jury in February 2015. The state called six witnesses: J.Y., three police officers who responded to the 911 call, a police investigator, and a forensic scientist who tested the blood sample collected at the scene. Hill did not offer any evidence.

During the instructions conference, the state noted that the complaint charged Hill with "aiding and abetting attempted burglary in the first degree" but that the verdict form described the charge as simply "attempted burglary in the first degree." The state asked the district court to revise the verdict form to "reflect the charge" of aiding and abetting attempted first-degree burglary. The district court denied the state's request on the grounds that the "verdict form is correct in its present form" and that the instructions, which include the phrase "acting alone or intentionally aiding, advising, counseling, or conspiring with another," would be sufficient guidance for the jury in light of the offense charged. Neither party objected to the district court's jury instructions.

In closing argument, the state argued that the jury should find Hill guilty both as a principal and as an accomplice. Specifically, the prosecutor first argued that "the defendant

3

intended to commit the crime of first-degree burglary," that he "did an act that was a substantial step toward committing the crime," that he "attempted to enter a building without consent," and that he "intended to get inside the house to commit a theft." In addition, the prosecutor argued that the case was "also charged as aiding and abetting," that Hill "was working with" J.W., and that Hill "intended that his presence and actions would aid the commission of the burglary." Hill's attorney argued that the state's evidence is insufficient to prove anything more than Hill's mere presence near the scene and also argued that there is a reasonable doubt as to "whether there was in fact a crime at all."

The jury returned a verdict form stating, "We, the jury, find the defendant guilty of the charge of Attempted Burglary in the First Degree." The district court imposed a sentence of 16.5 months of imprisonment. Hill appeals.

## DECISION

Hill argues that the district court erred in its jury instructions. Specifically, he argues that the district court erred by not giving an accomplice-liability instruction and that the absence of such an instruction prevented the jury from fully considering his defense that "he was at the scene but did not intend his actions to aid [J.W.]"

A district court must instruct the jury in a way that "fairly and adequately explain[s] the law of the case" and does not "materially misstate[] the applicable law." *State v. Koppi*, 798 N.W.2d 358, 362 (Minn. 2011). An appellate court reviews jury instructions "as a whole to determine whether [they] accurately state the law in a manner that can be understood by the jury." *State v. Kelley*, 855 N.W.2d 269, 274 (Minn. 2014). A district court has "considerable latitude" in selecting the language of jury instructions. *State v.*

4

*Gatson*, 801 N.W.2d 134, 147 (Minn. 2011) (quotation omitted). Accordingly, this court applies an abuse-of-discretion standard of review to a district court's jury instructions. *Koppi*, 798 N.W.2d at 361.

Hill concedes that he did not object in the district court to the absence of an accomplice-liability instruction and that the lack of an objection requires this court to review only for plain error. *See* Minn. R. Crim. P. 31.02. Under the plain-error test, an appellant is entitled to relief on an issue to which no objection was made at trial only if (1) there is an error, (2) the error is plain, and (3) the error affects the appellant's substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If these three requirements are satisfied, the appellant also must satisfy a fourth requirement, that the error "seriously affects the fairness and integrity of the judicial proceedings." *State v. Little*, 851 N.W.2d 878, 884 (Minn. 2014). If an appellate court concludes that any requirement of the plain-error test is not satisfied, the appellate court need not consider the other requirements. *State v. Brown*, 815 N.W.2d 609, 620 (Minn. 2012).

The state concedes that the district court committed error by not giving an accomplice-liability instruction and further concedes that the error is plain. The district court appears to have reasoned that an instruction on the concept of aiding and abetting was unnecessary because of the language of the statute under which Hill was charged and the language of the complaint in this case. The applicable statute states, "Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, *either directly or as an accomplice*, commits burglary in the first degree," if the building entered is a dwelling and a person is

present in the building when the burglar enters or is in the building. *See* Minn. Stat. § 609.582, subd. 1(a) (emphasis added). The complaint alleges that Hill, "acting alone or intentionally aiding, advising, hiring, counseling or conspiring with [J.W.] or otherwise procuring the other to commit the crime, either directly or as an accomplice, attempted to enter a dwelling, without consent and with intent to commit a crime . . . ." The supreme court caselaw, however, requires an instruction that sufficiently explains the concept of aiding and abetting. Specifically, "an accomplice liability instruction must explain that the intentionally aiding element requires that the jury find beyond a reasonable doubt that the defendant knew his alleged accomplice was going to commit a crime and the defendant intended his presence or actions to further the commission of that crime." *Kelley*, 855 N.W.2d at 274. Furthermore, a district court should explain the law concerning aiding and abetting in a separate instruction, not in a "hybrid instruction" that incorporates the theory of accomplice liability into the elements of the offense. *State v. Huber*, 877 N.W.2d 519, 524-25 nn. 3-4 (Minn. 2016). Thus, we agree with the state that the district court in this case did not instruct the jury in accordance with *Kelley* and *Huber* and that its failure to do so constitutes plain error. *See id.* at 524-25 (concluding that error in accomplice-liability instruction is plain in light of *Kelley*); *Kelley*, 855 N.W.2d at 275-77 (holding that second requirement of plain-error is determined based on law in existence at time of appellate review and concluding that error in accomplice-liability instruction is plain in light of *State v. Milton*, 821 N.W.2d 789 (Minn. 2012)).

The parties' concessions bring us to the third requirement of the plain-error test, which asks whether the district court's plain error affected the appellant's substantial rights.

6

*See Griller*, 583 N.W.2d at 740. An error affects a defendant's substantial rights "if the error was prejudicial and affected the outcome of the case." *Id.* at 741. "In the context of jury instructions, . . . an error affects substantial rights when there is a reasonable likelihood that a more accurate instruction would have changed the outcome in this case." *State v. Gutierrez*, 667 N.W.2d 426, 434-35 (Minn. 2003) (quotation omitted). An appellant bears a "heavy burden" in seeking to satisfy the third requirement of the plain-error test. *State v. Davis*, 820 N.W.2d 525, 535 (Minn. 2012).

Hill contends that the district court's plain error affected his substantial rights because he elicited evidence that he was merely present at the scene, the state did not have overwhelming evidence that he aided and abetted J.W., and the jury's verdict did not encompass a finding that he aided and abetted J.W. *See State v. Watkins*, 840 N.W.2d 21, 29 (Minn. 2013). The state contends in response that the district court's plain error did not affect Hill's substantial rights because he was charged both as a principal and as an accomplice and the jury likely found him guilty as a principal.

The state correctly notes that Hill's argument assumes that he was charged solely as an accomplice. If that were so, a plain error in instructing the jury on accomplice liability might have affected the jury's verdict. *Compare Huber*, 877 N.W.2d at 525-27 (concluding that plain error affected substantial rights of appellant convicted of aiding and abetting second-degree murder), *with Kelley*, 855 N.W.2d at 283-84 (concluding that plain error did not affect substantial rights of appellant convicted of aiding and abetting first-degree aggravated robbery), *and Milton*, 821 N.W.2d at 809-10 (concluding that plain error did not affect substantial rights of appellant convicted of aiding and abetting attempted first-

degree felony murder). But Hill was charged with committing attempted burglary in two ways: as a principal and as an accomplice. Of those two theories, liability as a principal was the state's primary theory. The prosecutor began his closing argument by reviewing the evidence supporting the allegation that Hill committed attempted burglary as a principal. The victim reported that more than one person was trying to enter her home, and only two persons were apprehended. When officers arrived in response to the victim's 911 call, they found Hill in the alley behind the house. The officers found two sets of footprints outside the house. The officers found Hill with a bleeding cut on his hand and found his blood on the garage door. This evidence supports the conclusion that Hill committed attempted burglary as a principal. Thus, the jury likely found Hill guilty based on the evidence and argument that he committed attempted burglary as a principal.

The prosecutor's argument concerning the evidence that Hill committed attempted burglary as an accomplice was secondary in terms of both sequence and duration. Whatever effect the district court's plain error might have had on the jury's deliberation would be limited to the state's secondary theory of liability. But the state's secondary theory of liability is superfluous. Because the jury's verdict likely was based on the state's primary theory that Hill is liable as a principal, Hill has not established a reasonable likelihood that the district court's plain error, which concerns liability as an accomplice, "changed the outcome in this case." *See Gutierrez*, 667 N.W.2d at 434-35. Because Hill cannot satisfy the third requirement of the plain-error test, he is not entitled to a new trial.

**Affirmed.**

8