*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0127**

State of Minnesota,
Respondent,

vs.

James Roland Bain,
Appellant.

**Filed January 17, 2017
Affirmed
Halbrooks, Judge**

Otter Tail County District Court
File No. 56-CR-15-1168

Lori Swanson, Attorney General, St. Paul, Minnesota; and

David J. Hauser, Otter Tail County Attorney, Kurt A. Mortenson, Assistant County Attorney, Fergus Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Mark D. Nyvold, Special Assistant Public Defender, Fridley, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

**UNPUBLISHED OPINION**

**HALBROOKS**, Judge

Appellant challenges his fifth-degree criminal-sexual-conduct conviction under

Minn. Stat. § 609.3451, subd. 1(1) (2014), arguing that (1) the district court erred by

failing to define "intimate parts" in the jury instruction outlining the elements of the crime and (2) there is insufficient evidence for the jury to convict him. We affirm.

## FACTS

In April 2015, 26-year-old J.B. intended to spend Easter weekend with her father, appellant James Roland Bain, and his girlfriend. J.B. and Bain were alone one afternoon, watching TV in Bain's house, when they started talking about the fact that J.B. was not involved in a relationship. Bain told J.B. that fathers are supposed to teach their children about sexual relationships. Bain approached J.B., who was sitting at the corner the couch, and sat beside her with his weight on top of her feet so that she could not move. Bain then rubbed J.B.'s thigh, used his thumb to stimulate J.B.'s vaginal area through her jeans, and put his hand on J.B.'s breast. J.B. felt shocked and uncomfortable. After Bain's girlfriend returned, J.B. made up an excuse and left Bain's house earlier than she had originally planned. On her way home, J.B., crying, called her mother and told her what happened. She also called her roommate. The following day, J.B. reported the incident to Otter Tail County Human Services.

At trial, after the parties rested, the district court instructed the jury that the state had to prove that Bain had intentional contact with J.B.'s intimate parts but did not define the term "intimate parts." Bain did not object to the instructions. The jury found Bain guilty of fifth-degree criminal sexual conduct. This appeal follows.

**D E C I S I O N**

**I.**

Although Bain did not object at trial to the jury instruction, he now contends that the district court erred when it did not include a definition of "intimate parts" in the instruction. A district court has "considerable latitude" in the selection of language for jury instructions. *State v. Gatson*, 801 N.W.2d 134, 147 (Minn. 2011). Jury instructions must be viewed "in their entirety to determine whether they fairly and adequately explain the law." *Id.* "If the jury instructions correctly state the law in language that can be understood by the jury, there is no reversible error." *State v. Rucker*, 752 N.W.2d 538, 546 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008).

A party generally forfeits his right to appeal a jury instruction if he fails to object to the instruction before it is given to the jury. *State v. Crowsbreast*, 629 N.W.2d 433, 437 (Minn. 2001). But "a failure to object will not cause an appeal to fail if the [jury] instructions contain plain error affecting substantial rights or an error of fundamental law." *State v. White*, 684 N.W.2d 500, 508 (Minn. 2004). The plain-error test requires that we determine "whether the jury instructions contained an (1) error (2) that was plain and (3) that affected the defendant's substantial rights." *State v. Milton*, 821 N.W.2d 789, 805 (Minn. 2012). "An error is plain if it is clear and obvious at the time of appeal." *State v. Little*, 851 N.W.2d 878, 884 (Minn. 2014).

The instruction that the district court gave, in part, provided: "First element, the defendant intentionally touched [J.B.]'s intimate parts or the clothing over the immediate area of [J.B.]'s intimate parts." We note that the instruction given by the district court

3

followed the jury-instruction guide. 10 *Minnesota Practice*, CRIMJIG 12.52 (2015) (recommending, for the first element of fifth-degree criminal sexual conduct, "First, the defendant intentionally touched [the victim]'s intimate parts or the clothing over the immediate area of [the victim]'s intimate parts . . . ."). Following the jury-instruction guide does not necessarily insulate an instruction from being plain error. *State v. Gunderson*, 812 N.W.2d 156, 162 (Minn. App. 2012). "When the plain language of the statute conflicts with the CRIMJIG, the district court is expected to depart from the CRIMJIG and properly instruct the jury regarding the elements of the crime." *Id.* In this case, there is no conflict between the statute and the CRIMJIG. Under the statute, fifth-degree criminal sexual conduct occurs when a "person engages in nonconsensual sexual contact." Minn. Stat. § 609.3451, subd. 1(1). "Sexual contact" includes "the intentional touching by the actor of the complainant's intimate parts" and "the touching of the clothing covering the immediate area of the intimate parts." Minn. Stat. § 609.341, subd. 11(a)(i), (iv) (2014).

The question, then, is whether "intimate parts" is a term within the ordinary understanding of a juror. District courts do not need to define terms that are common words or within the ordinary understanding of a juror. *State v. Heinzer*, 347 N.W.2d 535, 537 (Minn. App. 1984) (holding the jury instructions did not need to define the term "resist" because it was a common word), *review denied* (Minn. July 26, 1984). "'Intimate parts' includes the primary genital area, groin, inner thigh, buttocks, or breast of a human being." Minn. Stat. § 609.341, subd. 5 (2014). We conclude that "intimate parts" is a term within the ordinary understanding of a juror. The average juror would

4

naturally associate "intimate parts" with private areas of the body associated with sexual activity.

Because we conclude that "intimate parts" is a common term that the jury could understand, the district court did not err by not including a definition of the term in the instruction involving the elements of the crime. We therefore do not address the other prongs of the plain-error analysis.

## II.

Bain argues that there is insufficient evidence to convict him of fifth-degree criminal sexual conduct because J.B.'s testimony about the sexual contact was too vague. In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jury to reach the verdict it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). This court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004). In reviewing the conviction, this court must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).

J.B. testified at trial as follows:

> But we were sitting on the couch; and he started, like, rubbing my thigh and using his thumb to, like, stimulate my vagina through my jeans and grabbing my boobs and stuff

and, like, just made me super awkward and uncomfortable. . . .

. . . .

And then he had started, like, rubbing my thigh. And then I was sitting with my legs tight together and my feet up on the couch; and he had, like, pushed his hand down in between my thighs to, like, rub my crotch through my jeans and was, like, grabbing my boob with his other hand and, like, telling me that dads teach their daughters how to have sex and how to have, like, romantic relationships . . . .

Bain argues that this evidence is insufficient to convict him because J.B.'s testimony does not explicitly state that Bain rubbed J.B.'s vaginal area through her jeans and because placing his hand on her thigh did not constitute contact with an intimate part. Therefore, Bain argues, J.B.'s testimony did not sufficiently establish an intentional touching of an intimate part. We disagree. J.B.'s testimony provided sufficient evidence for the jury to conclude that Bain intentionally rubbed the clothing over J.B.'s inner thighs and vaginal area and touched her breast. Because a reasonable jury could conclude that Bain was guilty of fifth-degree criminal sexual conduct based on this testimony, the evidence is sufficient to support the conviction.

**Affirmed.**

6