**STATE of Minnesota, Respondent,**

v.

**John XIONG, Appellant.**

No. C3-01-1173.

Court of Appeals of Minnesota.

Feb. 5, 2002.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant County Attorney, St. Paul, for respondent.

John M. Stuart, State Public Defender, Lawrence W. Pry, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by HANSON, Presiding Judge, LANSING, Judge, and KALITOWSKI, Judge.

## OPINION

HANSON, Judge.

This appeal arises from an order revoking appellant's probation for his conviction as a felon in possession of a firearm. Appellant argues that the district court erred by revoking his probation because the state failed to present clear and convincing evidence that he violated the conditions of his probation; he did not receive notice that failure to maintain contact with his

probation officer would be presented as one of the grounds for revocation; and he received ineffective assistance of counsel. We affirm.

## FACTS

Appellant John Xiong was charged with possession of a firearm by an ineligible person under Minn.Stat. § 624.713, subd. 1(b) (1998). He pleaded guilty to the charge and was sentenced to 60 months in prison. The district court stayed execution of the sentence and placed him on 15–years probation. The conditions of Xiong's probation included the requirements that he report to his probation officer as directed, obey all laws, and have no contact with gang members.

Approximately three months after Xiong's sentencing, his probation officer reported that Xiong had violated his probation by using cocaine, and recommended that the court revoke his probation. At the probation-revocation hearing, the district court noted that at the time of his arrest, Xiong was in the company of gang members—a second violation. Xiong admitted both violations and the district court found Xiong in violation of his probation. The district court ordered Xiong to serve four months in the workhouse, but otherwise continued his probation on the original terms and conditions.

The following year, Xiong's probation officer reported that Xiong had violated his probation again, and once more recommended that the district court vacate the stay of execution. This time, the probation officer alleged that Xiong failed to report an arrest to his probation officer, used intoxicants, and had contact with gang members.

Approximately eight months later, Xiong was arrested on the probation-violation warrant. At the probation-revocation hearing, Xiong was represented by counsel, who stated:

> Counsel: Your Honor, I have advised my client that he's entitled to a contested hearing. My client has informed me that it is not his desire to have that contested hearing but [he] does have an explanation. Is that correct, Mr. Xiong?
>
> Xiong: Yes.

The district court then asked Xiong some limited questions. Xiong admitted that he did not report his arrest to his probation officer. He also admitted that he had been using cocaine and marijuana in connection with the first notice of alleged probation violation, but did not address any use of intoxicants in connection with the second notice. Finally, he admitted that he was at his girlfriend's house when a gang member arrived. He was allowed to explain that he did not intend to have contact with the gang member. He stated:

> Your Honor, I had no intention of having people come over there to my girlfriend's house. She has brothers too, you know. It's not like I called them to come over there. I just went there to pick up my girl and take her to work. I was only there for what, ten minutes, five minutes. The friends that you violated me for, he was only there a couple of minutes, a couple of seconds. He stopped and he left.

Xiong's probation officer summarized the violations and stated:

> On top of the violation, that is Mr. Xiong has just admitted to an aggravating factor which would be that I haven't seen him in the last 8 months. He failed to report to me after the last violation. His whereabouts were unknown until this week. He was picked up by the St. Paul Police Department. They pulled

him over. He got out and attempted to flee until he was finally apprehended. Xiong's counsel also stated: "He's also supposed to have contact with [h]is [probation officer]. He did not do that."

The district court then made the following oral findings:

I find that you're in violation of the terms and conditions of probation imposed by this Court * * * in that you failed to report an arrest to your probation officer. You failed to abstain from intoxicants. You failed to avoid contact with known gang members. You failed to maintain regular contact with your probation officer as you were supposed to. I find the violations were intentional and inexcusable.

I also find in your case that the policy in favor of probation is outweighed by the need for incarceration in your case.

The district court revoked Xiong's probation and executed his original 60 month sentence. This appeal followed.

## ISSUES

I. Was the state obligated to prove the alleged probation violations by clear and convincing evidence after Xiong waived a "contested hearing?"

II. Did the district court err by considering Xiong's failure to maintain regular contact with his probation officer, when that conduct was not specified in the notice as a probation violation?

III. Did Xiong receive ineffective assistance of counsel?

## ANALYSIS

### I

Xiong argues that the district court erred when it found Xiong in violation of his probation because (1) the state failed to present clear and convincing evidence of the first two alleged violations—failure to report an arrest and use of intoxicants; and (2) the state failed to prove that the third alleged violation—contact with a gang member—was intentional and inexcusable.

Rule 27.04 of the Minnesota Rules of Criminal Procedure provides the procedural framework for probation revocation. Subdivision 2 requires that the probationer be advised of the violation charged and of the following information concerning a revocation hearing:

b. That unless waived, a revocation hearing will be held to determine whether there is clear and convincing evidence that the probationer has violated any conditions of probation and that probation should therefore be revoked;

* * * *

d. That at the hearing both the prosecution and the probationer shall have the right to offer evidence, present arguments, subpoena witnesses, and call and cross-examine witnesses, provided, however, that the probationer may be denied confrontation by the court when good cause is shown that a substantial risk of serious harm to others would exist if it were allowed. Additionally, the probationer shall have the right at the revocation hearing to present mitigating circumstances or other reasons why the violation, if proved, should not result in revocation.

Minn. R.Crim. P. 27.04, subd. 2(1)b, d.

Subdivision 3 describes the revocation hearing and states:

(3) Finding of Violation of Conditions of Probation. If the court finds upon clear and convincing evidence that any conditions of probation have been violated, or if the probationer admits the violation, the court may proceed as follows:

* * * *

b. Execution of Sentence. If execution of sentence initially imposed was stayed and probationer placed on probation, the court may continue the stay and place the probationer on probation in accordance with the provisions of Minn.Stat. § 609.135, or order execution of the sentence previously imposed.

Minn. R.Crim. P. 27.04, subd. 3(3)b; *see also* Minn.Stat. § 609.14, subd. 3(2) (2000) (stating that the district court may order execution of a sentence previously imposed and stayed if it finds the probationer has violated the terms of probation).

■ Before the district court can revoke probation, it must (1) specify what condition or conditions the probationer violated, (2) find that the violation was intentional or inexcusable, and (3) find that the need for confinement outweighs the policies favoring probation. *State v. Austin,* 295 N.W.2d 246, 250 (Minn.1980).

### Clear and Convincing Evidence

Xiong argues that the district court erred by revoking his probation because the state failed to prove the alleged violations by clear and convincing evidence. Xiong's argument is misplaced. After Xiong waived a contested hearing, the state was no longer required to present clear and convincing evidence of the violations.

■ Although counsel's statement that Xiong waived a "contested hearing" is not ideally precise, and the district court might have sought clarification, the only reasonable interpretation to give that statement was that Xiong intended to waive the right to participate in the first part of a two-part revocation hearing. The first part involves an evidentiary hearing where both the prosecution and probationer may offer evidence to prove or disprove the alleged violations. *See* Minn. R.Crim. P. 27.04, subd. 2(1)b, d. The second part allows the probationer to present mitigating circumstances or other reasons why the violation, once proved or admitted, should not result in revocation. *See* Minn. R.Crim. P. 27.04, subd. 2(1)d. When a probationer waives the first part of a revocation hearing, the state is no longer obliged to present evidence to prove the violations, and the district court may base its finding on the violation report and the probationer's waiver, which serves as a stipulation to the state's allegations in the violation report. *See* Minn. R.Crim. P. 27.04, subd. 3(3)b.

When Xiong waived a contested hearing, he waived the requirement under the rule that the state present clear and convincing evidence of the alleged violations.

### Intentional and Inexcusable Contact

■ Xiong argues that the district court erred by finding that his contact with a gang member was intentional and inexcusable. Although Xiong waived the first part of the two-part revocation hearing, he reserved the right to present mitigating circumstances in the second part of the hearing. *See* Minn. R.Crim. P. 27.04, subd. 2(1)b, d. The district court allowed Xiong to provide his explanation and to argue that his contact with a gang member was inadvertent, not initiated by him and, thus, not intentional but excusable. The district court listened to Xiong's explanation but did not find it persuasive.

In light of the warnings the district court gave Xiong at the time of the original sentence, and reiterated when he was first cited for probation violations, it was clear that Xiong was expected to avoid any gang contact whatsoever. The court acted within its discretion by finding that Xiong's presence at his girlfriend's home, where he could expect gang members to visit, was an intentional and inexcusable violation of the condition of his probation.

## II

■ Xiong argues that the district court erred by considering his failure to maintain contact with his probation officer because the notice of alleged violations did not identify this conduct as a violation.

While the district court found that Xiong had failed to maintain regular contact with his probation officer, it does not appear that the district court treated this finding as a separate probation violation. Xiong's probation officer only referred to this conduct as an "aggravating factor." Xiong's counsel did not challenge that statement; to the contrary, he acknowledged that Xiong was "supposed to have contact with his [probation officer]. He did not do that."

## III

In his pro se brief, Xiong argues that he received ineffective assistance of counsel because his attorney (1) failed to adequately explain the implications of waiving his right to a "contested hearing," (2) failed to provide an interpreter, (3) failed to inform Xiong he could offer corroborating testimony or documentation, and (4) maintained a negative attitude.

■ To prevail on a claim of ineffective assistance of counsel a claimant

> must affirmatively prove that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Gates v. State,* 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984)) (citation omitted).

■ Xiong does not elaborate on his assertions, makes no reference to the record, and cites no authority. Accordingly, we decline to reach the merits of this issue and Xiong's right to pursue it in a petition for postconviction relief is preserved. *See State v. Gustafson,* 610 N.W.2d 314, 321 (Minn.2000) (holding that a claimant should raise an ineffective assistance of counsel claim in a postconviction proceeding rather than on direct appeal).

## DECISION

The district court did not abuse its discretion when it revoked Xiong's probation based on the violation report and Xiong's waiver of a contested hearing.

**Affirmed.**