*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0745**

State of Minnesota,
Respondent,

vs.

Shawn Dione Davenport,
Appellant.

**Filed April 22, 2024**
**Affirmed**
**Johnson, Judge**

Dakota County District Court
File No. 19HA-CR-22-931

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kathryn M. Keena, Dakota County Attorney, Heather Pipenhagen, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Cochran, Presiding Judge; Johnson, Judge; and

Klaphake, Judge.[*]

---

        [*]Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**NONPRECEDENTIAL OPINION**

**JOHNSON**, Judge

After a court trial, the district court found Shawn Dione Davenport guilty of two counts of domestic assault based on evidence that he placed a woman in a chokehold, which restricted her breathing. Davenport argues that the district court erred by admitting evidence that he previously was convicted of criminal offenses for engaging in domestic violence toward the victim. We conclude that the district court did not plainly err by admitting the evidence of Davenport's prior convictions. We also conclude that Davenport's *pro se* supplemental brief does not present any argument that warrants appellate relief. Therefore, we affirm.

## FACTS

We recite the relevant facts as they are described in the district court's findings, which are not challenged on appeal. Davenport and V.S. once were in a romantic relationship. They have one joint minor child. On March 7, 2022, V.S. was at Davenport's home to talk with him about their child. They began to argue. V.S. decided to leave. The district court found that, as V.S. was leaving, "Davenport came from behind her and placed his arm around her throat placing her in a chokehold which caused her pain and made it hard for her to breathe." V.S. later reported the incident to a police officer. The officer spoke with Davenport, who confirmed that V.S. was at his home on March 7, 2022, and that they argued.

The state initially charged Davenport with one count of domestic assault by strangulation, in violation of Minn. Stat. § 609.2247, subd. 2 (2020), and one count of

domestic assault, in violation of Minn. Stat. § 609.2242, subd. 1(2) (2020). The state later moved to amend the complaint to enhance count 2 to a felony by charging Davenport with domestic assault committed within ten years of two or more previous qualified domestic-violence-related convictions, in violation of Minn. Stat. § 609.2242, subd. 4. The district court granted the motion.

Davenport waived his right to a jury trial, and the case was tried to the district court on two days in June 2022.

Before trial, the state gave notice of its intent to introduce evidence that Davenport previously had been convicted of four domestic-violence-related offenses against V.S. The state asserted that the evidence is admissible pursuant to Minnesota Statutes section 634.20 (2020). The district court considered the motion at the outset of trial. The prosecutor informed the district court that the state intended to offer its relationship evidence through the testimony of V.S. Davenport's trial attorney acknowledged that V.S. could testify about her relationship with Davenport or about other matters of which she has personal knowledge. But Davenport's trial attorney objected to the state's relationship evidence to the extent that the state sought to introduce exhibits consisting of certified records of Davenport's prior convictions. In response to that objection, the prosecutor argued that it is unnecessary for the state to lay a foundation for the admission of the exhibits because the documents are self-authenticating. The district court ruled that the state's proffered evidence of Davenport's prior convictions would be deemed admissible pursuant to section 634.20, but the district court reserved ruling as to whether there was a foundation for admitting exhibits during V.S.'s testimony.

V.S. was the state's first witness. She testified about the March 7, 2022 incident. She also testified that Davenport strangled her on August 24, 2015, was criminally charged for the incident, and pleaded guilty to the charge. The prosecutor offered an exhibit consisting of certified records from the criminal case file relating to the August 24, 2015 incident. Davenport's trial attorney objected for lack of foundation. The district court overruled the objection.

The prosecutor then elicited testimony from V.S. that Davenport assaulted her on January 10, 2016, was criminally charged for the incident, and pleaded guilty to the charge. The prosecutor offered an exhibit consisting of certified records from the criminal case file relating to the January 10, 2016 incident. Davenport's trial attorney again objected for lack of foundation. This time the district court sustained the objection.

After further discussion between the district court and counsel, the prosecutor withdrew the exhibits, and the parties stipulated that Davenport had two prior convictions of domestic-violence-related offenses within ten years of March 7, 2022. V.S. proceeded to testify that Davenport also violated a domestic-abuse no-contact order on two occasions by having contact with her at a restaurant and at her home.

In late June, the district court filed an order with findings of fact, conclusions of law, and an order for judgment. The district court found Davenport guilty of both charges. In February 2023, the district court sentenced Davenport to 30 months of imprisonment. Davenport appeals.

# DECISION

## I. Testimony About Prior Convictions

Davenport argues that the district court erred by admitting V.S.'s testimony that he previously was convicted of two criminal offenses for engaging in domestic assault toward her. Davenport argues that V.S.'s testimony about his prior convictions is not admissible pursuant to section 634.20, which governs relationship evidence. Specifically, Davenport argues that section 634.20 allows the state to introduce evidence of a defendant's domestic conduct of a certain nature but does not allow the state to introduce evidence of criminal proceedings based on the defendant's domestic conduct. In general, this court applies an abuse-of-discretion standard of review to a district court's rulings about the admissibility of evidence offered pursuant to section 634.20. *State v. Matthews*, 779 N.W.2d 543, 553 (Minn. 2010). But to the extent that Davenport's argument implicates the meaning of the statute, we apply a *de novo* standard of review. *State v. Barnslater*, 786 N.W.2d 646, 650 (Minn. App. 2010), *rev. denied* (Minn. Oct. 27, 2010).

In its responsive brief, the state initially argues that Davenport did not assert an objection at trial that corresponds to the argument he makes on appeal and that, as a consequence, this court should apply the plain-error rule. *See* Minn. R. Crim. P. 31.02; *see also State v. Vasquez*, 912 N.W.2d 642, 649-50 (Minn. 2018) (reasoning that defendant's objection preserved review only for stated basis of objection). We agree. Davenport's trial attorney objected to the introduction of exhibits consisting of certified records of Davenport's convictions but did not object to V.S.'s testimony about the prior convictions. Accordingly, we apply the plain-error rule.

Under the plain-error rule, an appellant is entitled to relief on an issue for which no objection was made at trial only if (1) there is an error, (2) the error is plain, and (3) the error affects the appellant's substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If these three requirements are satisfied, the appellant also must satisfy a fourth requirement: that the error "seriously affects the fairness and integrity of the judicial proceedings." *State v. Little*, 851 N.W.2d 878, 884 (Minn. 2014). If an appellate court concludes that any requirement of the plain-error test is not satisfied, the appellate court need not consider the other requirements. *State v. Brown*, 815 N.W.2d 609, 620 (Minn. 2012).

We begin by considering the first two requirements of the plain-error test. We ask whether the challenged evidence is within the scope of section 634.20 and, if not, whether it is plainly outside the scope of the statute. "An error is 'plain' if it is clear or obvious." *State v. Jones*, 753 N.W.2d 677, 686 (Minn. 2008). "A district court error is 'clear' or 'obvious' when it contravenes a rule, case law, or a standard of conduct, or when it disregards well-established and longstanding legal principles." *State v. Brown*, 792 N.W.2d 815, 823 (Minn. 2011).

The statute governing relationship evidence provides:

> Evidence of domestic conduct by the accused against the victim of domestic conduct, or against other family or household members, is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. "Domestic conduct" includes, but is not limited to, evidence of domestic abuse, violation of an order for protection under section 518B.01;

6

violation of a harassment restraining order under section 609.748; violation of a domestic abuse no contact order under section 629.75; or violation of section 609.749 or 609.79, subdivision 1. "Domestic abuse" and "family or household members" have the meanings given under section 518B.01, subdivision 2.

Minn. Stat. § 634.20. The purpose of section 634.20 is "to illuminate the history of the relationship" between the defendant and the alleged victim and thereby "put the crime charged in the context of the relationship between the two." *State v. McCoy*, 682 N.W.2d 153, 159 (Minn. 2004).

Davenport contends that the district court plainly erred on the ground that the phrase "[e]vidence of domestic conduct by the accused against the victim of domestic conduct," which is the opening phrase of section 634.20, does not encompass evidence of a criminal conviction arising from such conduct. Davenport reasons that section 634.20 allows the state to introduce evidence about his conduct toward V.S. but does not allow the state to introduce evidence about its prosecution of him for such conduct.

The validity of Davenport's argument is not plain. It is not clear or obvious from the face of the statute that "[e]vidence of domestic conduct by the accused against the victim" cannot include evidence of a criminal conviction for engaging in such conduct. The second sentence of the statute provides that the term "domestic conduct" "includes" a "violation" of certain types of orders authorized by certain statutes, which tends to indicate that, in at least some circumstances, evidence of domestic conduct could include evidence that the domestic conduct at issue was unlawful. In addition, Davenport does not cite any precedential caselaw for the proposition that section 634.20 does not allow the state to

7

introduce evidence of a prior conviction based on domestic conduct. *Cf. State v. Richardson*, A22-1646, 2023 WL 7293382, *3 (Minn. App. Nov. 6, 2023) (reasoning that warrant of commitment reflecting prior conviction is not evidence of domestic conduct under section 634.20). We may conclude that the district court plainly erred only if it is "clear or obvious" that the challenged evidence is not admissible pursuant to section 634.20. *See Jones*, 753 N.W.2d at 686. In the absence of any statutory text or precedential caselaw making clear the distinction that Davenport urges this court to recognize, we cannot say that the district court plainly erred.

Even if we were to conclude that the district court plainly erred, Davenport could not satisfy the third requirement of the plain-error test, that the alleged plain error affected his substantial rights. *See Griller*, 583 N.W.2d at 740. An error affects a defendant's substantial rights "if the error was prejudicial and affected the outcome of the case." *Id.* at 741. An appellant bears a "heavy burden" in seeking to satisfy the third requirement of the plain-error test. *State v. Davis*, 820 N.W.2d 525, 535 (Minn. 2012) (quotation omitted).

Davenport contends that V.S.'s testimony about his prior convictions bolstered her credibility with respect to the March 7, 2022 incident. But, as he acknowledges, the district court did not refer to his prior convictions in its findings of fact or conclusions of law. In a court trial, there is a diminished probability that evidence of a defendant's prior convictions will unfairly influence the fact-finder. *See State v. Burrell*, 772 N.W.2d 459, 467 (Minn. 2009) (reviewing admissibility of *Spreigl* evidence). In this particular case, V.S. testified only briefly, and in a conclusory manner, about the two prior incidents and the resulting prior convictions. Her testimony is only slightly more informative than the

8

parties' stipulation that Davenport had two prior convictions of domestic-violence-related offenses during the prior 10 years. In light of these circumstances, we would conclude that the state's relationship evidence did not affect Davenport's substantial rights.

Thus, the district court did not commit reversible plain error by admitting V.S.'s testimony about Davenport's prior convictions of domestic assault.

## II. Effectiveness of Counsel

Davenport filed a *pro se* supplemental brief in which he criticizes his trial attorney. We construe his *pro se* supplemental brief to be an argument that he received ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must satisfy two requirements. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*.

"Generally, an ineffective assistance of counsel claim should be raised in a postconviction petition for relief, rather than on direct appeal." *State v. Gustafson*, 610 N.W.2d 314, 321 (Minn. 2000). A post-conviction proceeding allows for the development of "'additional facts to explain the attorney's decisions,' so as to properly consider whether a defense counsel's performance was deficient." *Id.* (quoting *Black v. State*, 560 N.W.2d 83, 85 n.1 (Minn. 1997)). An appellate court may consider an ineffectiveness argument on

direct appeal only if the trial record is sufficiently developed such that the claim can be decided based on the trial record. *Torres v. State*, 688 N.W.2d 569, 572 (Minn. 2004).

Davenport questions the performance of his trial attorney in two ways. First, he asserts that his trial attorney gave notice of a self-defense defense without his consent. Davenport does not explain how the notice affected the district court's verdict. Consequently, Davenport cannot prove the second requirement of this claim, that his trial attorney's allegedly deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687.

Second, Davenport asserts that his trial attorney did not introduce certain evidence that Davenport wanted him to introduce (namely, electronic messages and the testimony of an unidentified witness). The trial record does not allow for a determination of the merits of Davenport's second ineffectiveness argument because it is the type of ineffectiveness claim that requires the development of a factual record. Thus, we decline to consider it on direct appeal. Davenport's right to assert his second ineffectiveness claim in a future post-conviction action is preserved. *See, e.g.*, *State v. Christian*, 657 N.W.2d 186, 194 (Minn. 2003); *Gustafson*, 610 N.W.2d at 321; *State v. Xiong*, 638 N.W.2d 499, 504 (Minn. App. 2002), *rev. denied* (Minn. Apr. 16, 2002).

**Affirmed.**