*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0794**

State of Minnesota,
Respondent,

vs.

Yaroslav Yaroslavovich Murza,
Appellant.

**Filed May 13, 2024
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-20-19827

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Tory R. Sailer, Nicholas J. Sideras, Gregerson, Rosow, Johnson & Nilan, Ltd., Eden Prairie City Attorneys, Minneapolis, Minnesota (for respondent)

Eric J. Olson, Olson Defense, Bloomington, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Ross, Judge; and Larkin, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Police stopped a car driven by Yaroslav Murza and arrested him on suspicion of impaired driving. The state charged Murza with careless driving and two counts of driving while impaired, and Murza unsuccessfully challenged the validity of the traffic stop at an

omnibus hearing during which his attorney and the prosecutor stipulated to the admission of squad-car video footage and police reports. Murza appeals from his subsequent conviction, contending that the district court improperly relied on the stipulated evidence at the omnibus hearing without having first obtained his personal waiver for the stipulation. Because the decision to stipulate to the state's exhibits at the omnibus hearing falls within the strategic purview of counsel and did not require Murza's personal waiver, we affirm.

## FACTS

An Eden Prairie police officer stopped a car driven by Yaroslav Murza two hours after midnight in September 2020. Another officer arrived and administered field sobriety testing, which led the officers to arrest Murza on suspicion of impaired driving. Murza agreed to a breath test, which revealed that his alcohol concentration was 0.134. The state charged him with two counts of second-degree impaired driving (one for operating under the influence and one for operating with an alcohol concentration exceeding 0.08) and one count of careless driving. Murza moved the district court to dismiss the criminal complaint, contending that the officer had stopped him without reasonable suspicion of any offense and that the officer improperly expanded the scope of the stop.

The prosecutor on behalf of the state and Murza's counsel on Murza's behalf informed the district court that the parties had agreed to stipulate to the admission of the squad-car video recording and police reports:

> District court: And is there anything in addition that you would like included in the record beyond the squad video and those two police reports?

Murza's attorney: No, that's – I think in conversation with the City of Eden Prairie, yeah, that's perfect for the both of us.

District court: Okay. And in particular, you didn't want to put your client on the stand.

Murza's attorney: That's correct.

District court: Okay. I'm just – obviously you have an opportunity, and I just want to make sure that's something you've thought through and that's how you want to proceed.

Murza's attorney: Understood.

The district court denied Murza's motion to dismiss based on the stipulated evidence, finding that the officer had seen Murza's car stopped for about 15 seconds in the left-turn lane despite having the right of way to proceed, drive at a high rate of speed, and fail to stop at a stop sign. Based on those findings, the district court concluded that the officer had reasonable suspicion to stop the car, and it therefore denied Murza's motion to dismiss.

Murza and the state agreed to a stipulated-evidence trial under Minnesota Rule of Criminal Procedure 26.01, subdivision 4. The district court found Murza not guilty of careless driving but guilty on both impaired-driving counts. The district court stayed execution of Murza's sentence on probationary terms. Murza appeals.

## DECISION

Murza's sole contention on appeal is that the district court erroneously permitted his counsel to stipulate to exhibits in lieu of testimony during the omnibus hearing without asking Murza if he personally waived his right to testify and cross-examine the state's witnesses. As a threshold matter, the state contends that Murza failed to preserve this challenge for appeal because he failed to object in the district court. It is true that we

generally review only those issues presented to and decided by the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). But we have the discretion to review unobjected-to errors that affect substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998); Minn. R. Crim. P. 31.02. And the supreme court has reviewed for plain error unobjected-to issues concerning an appellant's waiver of rights. *See, e.g.*, *State v. Little*, 851 N.W.2d 878, 883–84 (Minn. 2014). We will consider Murza's contention under our plain-error standard of review.

Murza can prevail under our plain-error review only if he establishes that the district court erred, that the error was plain, and that the error affected his substantial rights. *Griller*, 583 N.W.2d at 740. If he establishes all of these, we will reverse if, in our discretion, we conclude that it is necessary to "ensure [the] fairness and the integrity of judicial proceedings." *Id.* at 742. Murza does not pass the first step, as he fails to identify any error.

Murza's contention depends on the existence of the district court's duty to refuse to consider stipulated evidence unless it first obtains the defendant's personal waiver. Murza cites no authority supporting his theory that this duty exists, and we have found none. The Supreme Court has explained that whether a defendant's personal waiver is required depends on the right being waived. *See State v. Hill*, 528 U.S. 110, 114 (2000). Certain fundamental rights, including the right to counsel and the right to plead not guilty, require a defendant's personal waiver. *See, e.g.*, *Johnson v. Zerbst*, 304 U.S. 458, 464–65 (1938) (abrogated on other grounds); *Brookhart v. Janis*, 384 U.S. 1, 7–8 (1966). A defendant's counsel may, however, waive nonfundamental rights within counsel's control so long as the decision was reasonable. *Hill*, 528 U.S. at 114–15. Murza had the right to an omnibus

hearing and to testify and cross-examine witnesses at that omnibus hearing. *See* Minn. R. Crim. P. 11.02(b); Minn R. Crim. P. 11.03(a). Because those rights are procedural and not fundamental constitutional rights, the district court was not required to obtain Murza's personal waiver before relying on his counsel's stipulation before deciding the motion to dismiss.

Murza concedes that procedural rights may be waived by counsel but contends that the waiver here was invalid because his attorney's decision to forgo cross-examining the state's witnesses "was neither a legitimate tactic nor a prudent trial strategy." The contention fails. We ordinarily decline to review tactics employed by counsel, *State v. Hokanson*, 821 N.W.2d 340, 358 (Minn. 2012), but even if we did so here, we would conclude that counsel's decision to stipulate to the state's evidence had strategic merit. The stipulation foreclosed the risk of having the arresting officer testify and elaborate on his reason for the traffic stop. The stipulation meant that the district court had only the relatively bare squad-car video footage and police reports. We cannot say that the tactic was unreasonable and lacked strategic merit.

**Affirmed.**